The Globe Light & Heat Co. v. Doud.

---

THE GLOBE LIGHT & HEAT COMPANY, Respondents, v. M. FAIRCHILD DOUD et al., Appellants.

Kansas City Court of Appeals, November 9, December 7, 1891, and January 18, 1892.

1. **Action**: SPECIAL CONTRACT: QUANTUM MERUIT. The petition may allege the same cause of action in two counts so as to meet any possible state of proof, and, where the petition counts on special contracts and a *quantum meruit*, the plaintiff cannot be compelled to elect on which one he will go to the jury.

The Globe Light & Heat Co. v. Doud.

2.  **Mechanics' Lien :** WAIVER : PROMISE TO GIVE NOTES.  There will be no waiver of a right to a mechanics' lien when the agreement to give a note or other security has not been performed by the promisor, though, should such note be given and accepted according to the agreement, the lien would be waived.

3.  **Building Contracts :** QUANTUM MERUIT : USE OF WORK AND MATERIAL : DAMAGES.  In an action of *quantum meruit* for work and material done and furnished under a special contract, there cannot be recovery on the mere showing that the owner of the building possessed, used and enjoyed his house.  But such work and material must not only be used and enjoyed, but must be of real value to the owner over and above the damages resulting from non-compliance with the contract by the builder.

4.  **Appellate Practice :** INSTRUCTION : HARMLESS ERROR.  Where there are two counts in the petition, and an instruction relating to one count is faulty, it will be harmless error when the finding of the jury is for the appellant on such count, but against him on the other.

5.  **Judgment :** MECHANICS' LIEN : PRIORITY : MORTGAGE.  Where a judgment enforcing a mechanics' lien does not attempt to charge anything except the interest of the owner, it is not subject to the objection that it is given precedence over a prior mortgage.

ON MOTION FOR REHEARING.

6.  **Pleadings :** JUDGMENT ON : MATURITY OF DEMAND.  A petition alleged that defendant agreed to pay plaintiff a certain sum for certain work.  The answer admits that the defendant agreed to pay plaintiff said sum.  *Held,* the trial court properly overruled a motion for judgment on the pleadings, on the ground that said sum was not due, though a subsequent count of the answer let the contract, showing said sum to become due at a date subsequent to commencement of the action, but the allegations of the answer made no such claim as the maturity of the demand.

7.  **Contracts :** CONSTRUCTION : CREDIT ON CONDITIONS : MECHANICS' LIEN.  A contract for work provided that the consideration should be payable after completion of the work in three equal notes due in six, twelve and eighteen months.  *Held,* a promise of credit on condition certain securities were furnished, but no credit was provided for unless such securities were given, and, to enforce a mechanics' lien of action, accrued immediately on failure to give them.

8.  **Sales :** CREDIT : ASSUMPSIT : BREACH : COMMON LAW : CODE.  While at common law when goods are sold to be paid for by note or bill, and the note or bill is not given, the vendor cannot maintain

*assumpsit* on the general count for goods sold and delivered, until the credit expires ; but he may bring his action immediately for a breach of the special agreement, and his damages in each are the price of goods. As the code abolishes these old forms of action, it is enough that such facts appear as justify a judgment the one way or the other.

*Appeal from the Johnson Circuit Court.*—Hon. Chas. W. Sloan, Judge.

Affirmed.

Statement by the court.

This is an action to enforce a mechanics' lien. The petition contains two counts—the first is based on a contract in writing, whereby the plaintiff agreed to furnish and place same in a certain hotel building then being erected, a gas machine and the piping for the purpose of lighting said building, and to run a line of fuel piping and to furnish asbestos grates for heating purposes. The contract specified the quality of the material and fixtures to be furnished, and contained a guarantee that "all labor and material be the best of their respective kinds, and that said gas machine will give good and abundant light for all the burners for which it is rated," and, further, that the guarantee should continue so long as defendants purchased gasoline of plaintiff ; also that the grates would give satisfaction. The contract price for said machine, grates and fixtures was $1,030, payable when said machine, grates and fixtures were furnished and the labor in placing same in said building was completed, in three notes of "Electric Springs Company" of equal value, each bearing interest at the rate of eight per cent. per annum, covering the entire bill, due in six, twelve and eighteen months from the completion of the work.

The second count in the petition is based upon a *quantum meruit*, for the value of said machine, grates, fixtures and work. The petition further contained the

usual allegations for the enforcement of a " mechanics' lien " against the building and grounds described in petition; and alleged a full performance on part of plaintiff of its contract, and charged a failure of compliance on part of defendant, and stated that they had refused to settle or pay for said machine, grates, fixtures and labor according to the terms of said contract. Defendants, M. Fairchild Doud, Jesse B. Wood and Frank Wood, were sued as contracting parties 'and members of the " Electric Springs Company," and the other defendants as trustees and beneficiaries in certain deeds of trust on the property.

Defendants Doud, Wood & Wood answered, stating that they were not indebted to plaintiff in any sum, denied plaintiff had complied with the contract on its part, admitting specifically the credits given in plaintiff's account as correct, and charged they were further entitled to a credit of $50 for carpenter work, lumber and nails, and $25 for cement. The answer then set out the written agreement between the parties, word for word, and claimed a breach of guarantee on the part of plaintiff, and $1,000 as damages therefor. The reply admitted the contract was correctly set out in the answer, and denied a breach of guarantee, or that the defendants were damaged. The answer of the other defendants amounted to a general denial, coupled with an admission that they held the deeds of trust mentioned. Respondent introduced evidence tending to prove all the allegations of its petition; and that, after the machine, grates and fixtures had all been furnished and the work of putting same in building was completed, it applied to defendants for a settlement according to the contract; and that they refused to execute the notes or make settlement, and directed plaintiff to go ahead and bring suit against them. On the other hand, defendant introduced evidence tending to prove that the gas machine, grates, etc., were not of the quality agreed to be furnished, etc.

The jury, on the evidence and instructions from the court, found for the plaintiff on the first count in the petition in the sum of $689.90, and for the enforcement of a mechanics' lien on the building and real estate, and from the judgment thereon defendants appealed.

*J. M. Shepherd* and *Samuel P. Sparks*, for appellants.

(1) Defendants' motion made after all the evidence was in, to require plaintiff to elect upon which of the counts it would submit to the jury, should have been sustained, it conclusively appearing that there was but one cause of action. *Ehrlich v. Ins. Co.*, 88 Mo. 249 ; *Mansur v. Botts*, 80 Mo. 651 ; *Roberts v. Railroad*, 43 Mo. App. 287. In an action on a special contract there can be no recovery on a *quantum meruit*. *Eyerman v. Cem. Ass'n*, 61 Mo. 489 ; *Perry v. Barnett*, 18 Mo. 140 ; *Yeats v. Ballentine*, 56 Mo. 530. The wisdom of the rule, requiring a party to elect at the close of all the evidence, is vindicated by the verdict of the jury in this case, which was rendered on the first count, when the jury actually found upon the second count. An action on an implied contract will not lie when the money is not due by the terms of it, and the court erred in not requiring plaintiff to elect, made during progress of case and in submitting that count to the jury. *DeBoom v. Priestly*, 1 Cal. 206 ; 6 Cal. 108 ; 7 Cal. 150 ; *Mansur v. Botts*, 80 Mo. 651. (2) The plaintiff misconceived the real nature of its action. The real cause of action was the failure of the defendant company to execute the notes specified in the contract, and the form of action should have been for breach of contract, instead of on the contract, and *quantum meruit*, and the court erred in not sustaining the motion of defendants for judgment on the pleadings. *O'Conner v. Dingley*, 26 Cal. 11 ; *Musser v. Price*, 4 East, 147 ; 2 Greenleaf, Ev. [ Ed. 1868 ] sec. 104 ; *Lutz v. Ey*, 3 E. D. Smith, 621 ; *Hannah v. Mills*, 21 Wend. 90.

*First.* When a party agrees to pay upon a special contract for labor or material, he cannot be charged upon such special agreement until the money is earned according to the terms of the contract. When parties have made a special contract the law will not imply one different from that which the parties have entered into. 2 Pars. Cont. [Ed. 1866] part 2, sec. 5, p. 523, note, *i*, p. 526; *Yeates v. Ballentine*, 56 Mo., *loc. cit.* 535. *Second.* An action commenced on a note and not due by its terms is prematurely brought. *Brown v. Shock*, 27 Mo. App. 351. ( 3 ) The contract extended the time for payment beyond the statutory period for filing a mechanics' lien and bringing suit thereon. Plaintiff thereby waived its right to a lien. Phillips on Mechanics' Liens, secs. 129, 280, 285; *Peyroux v. Howard*, 7 Pat. 324; *Ashdon v. Wood*, 31 Mo. 465; *Barrows v. Baughman*, 9 Mich. 213; *Au Sable Boom Co. v. Sanbourn*, 36 Mich. 358; *Hutchin v. Alcott*, 4 Vt. 549. ( 4 ) The second instruction of defendants virtually told the jury that use and possession of the gas machine was an acceptance. This was error. *Mohney v. Reed*, 40 Mo. App. 99. This instruction was erroneous for the reason that it was in conflict with instruction, numbered 4, given at the instance of defendants. The judgment was erroneous in giving the lien against the ground precedence over the prior mortgages. The lienors were only entitled to precedence in their lien as against the building. The judgment must be reversed for this error. R. S. 1889, sec. 6707. *Hall v. Planing Mill Co.*, 16 Mo. App. 454.

*R. M. Robertson* and *O. L. Houts*, for respondent.

( 1 ) The petition was in the usual form often approved by the courts of this state in similar cases. *Yeates v. Ballentine*, 56 Mo. 530 ( leading case in the state ); *Austin v. Keating*, 21 Mo. App. 30; *Fleischmann v. Miller*, 38 Mo. App. 177; *Gregg v. Dunn*, 38

Mo. App. 283. (2) It was competent for respondent to declare on one contract in one count, and on the *quantum meruit* in another, both counts being for same cause of action, and the trial court did not err in refusing to compel respondent to elect upon which count it should proceed. *Brinkman v. Hunter*, 73 Mo. 172; *Gaslight Co. v. City of St. Louis*, 86 Mo. 495; *Burbridge v. Railroad*, 36 Mo. App. 669–684. (3) Instructions given on behalf of respondent were taken from and were approved in the following cases: *Yeates v. Ballentine, supra; Austin v. Keating, supra; Fleischmann v. Miller, supra; Gregg v. Dunn, supra.* (4) The judgment rendered was the proper one for the enforcement of the lien against the owners, both as to the tract of land and improvements thereon. Priorities of liens were not determined in the suit, and could not be except by consent of parties. *Stinneger v. Raeman*, 28 Mo. App. 594; *Clay Works v. Ellison*, 30 Mo. App. 67–79; *Kearney v. Wurdeman*, 33 Mo. App. 447. (5) If, on the completion of the work, appellants had executed and delivered their notes in payment therefor, as was provided in the contract, it would then have been a question whether by the acceptance of the notes, respondent had waived its lien by extending the time beyond the statutory period for filing the same; but appellants, having refused to settle or to execute their notes upon the completion of the work by respondent, made breach of their contract, and respondent's cause of action immediately accrued and the right to a money judgment immediately vested. The question of the waiver of the "mechanics' lien" is not, therefore, in this case.

GILL, J.—I. It will be seen that plaintiff framed its petition on two counts—one on the special contract, and the other on *quantum meruit*. When the evidence was all in, defendants moved the court to require plaintiff to elect upon which count it would proceed and take

the verdict of the jury. The court overruled this motion, and this action by the court is now assigned as error. The trial judge in this matter was entirely correct. It is well settled in this state that the petition may allege the same cause of action in two counts so as to meet any possible state of the proof. *Brinkman v. Hunter*, 73 Mo. 178, and cases cited. And in no class of cases is this rule followed so frequently, and so properly, as in the character of cases we here deal with. The wisdom of the rule is here manifest. A may contract with B to furnish certain materials, or do certain work, according to certain defined stipulations. A dispute arises, and A is compelled to sue. He claims a performance of the contract, but B denies. Under the law A is entitled, either to recover on the contract the stipulated price, *or* if he has contributed certain material to the advantage of B's property, but has not to the letter complied with the contract, even then A is entitled to recover the value of such materials and work to the extent of the benefit conferred on B, limited of course by the contract price. It is entirely proper to present the case in this double form, and permit in one suit a settlement of the entire controversy. A can only recover on one of the two counts, yet there is no reason why he should not be allowed to present his case in the alternative.

II. In the contract for doing the work, as entered into between the plaintiff and the defendant " Electric Springs Company," it was provided that said defendants shall pay therefor in three notes of equal amounts, due respectively in six, twelve, and eighteen months from the completion of the work and bearing eight-percent. interest. Now defendants' counsel contends that such a provision in the contract amounted to a waiver of plaintiff's right to a mechanics' lien. An instruction to that effect was requested, but refused by the court, and this action of court is assigned as error. If, when the work was completed, the " Electric Springs

Company" had given these notes to plaintiff, and plaintiff had accepted the same for, and on account of, its work and materials, then I take it that such would have operated as a waiver of the mechanics' lien. There would have been, in that event, an extension of time for payment of the work beyond the statutory limitations for beginning suit to enforce a lien which would be inconsistent with such proceedings, and very properly should be construed as a waiver. *McMurray v. Taylor*, 30 Mo. 263; *Ashdown v. Woods*, 31 Mo. 465; *Gorman v. Sagner*, 22 Mo. 137. But, however this may be, "all the cases agree that there will be no waiver when the agreement to give the note or other security has not been performed by the promisor. It would be going too far to say that the builder must have intended to waive the lien in the event of the refusal to comply with the agreement." Phillips on Mech. Liens [2 Ed.] sec. 285. This is a complete answer to the position contended for in this case. The defendants contracting to give the note refused to comply with their agreement in this particular, and it will not be understood as plaintiff's intention to waive the right to a lien, whether defendants gave or offered to give the note or not. We hold then the point against defendants.

III.   The next point we notice is an objection relating to plaintiff's second instruction, and which was given by the court. That instruction pertains only to the second or *quantum meruit* count of the petition. The court there substantially declared to the jury, that even though plaintiff did not comply with its contract, did not do the work, etc., in the manner it agreed to, yet if "said defendants used, possessed and enjoyed the same and still have it in their possession, the jury will find for plaintiff on the second count in the petition," etc. This instruction is subject to one just criticism. In this character of work, building contracts, if the mechanic fails to do the work as agreed, he cannot recover on *quantum meruit* on the mere showing that the

owner of the building "possessed, used and enjoyed" his house. He, the owner, could not do otherwise except he abandon his premises, and this he will not be compelled to do. The work and material furnished must not only be used and enjoyed, but must be of real value to the owner over and above the damages resulting from non-compliance by the builder. *Yeates v. Ballentine*, 56 Mo. 530; *Mohney v. Reed*, 40 Mo. App. 112.

, Notwithstanding this defect in plaintiff's second instruction, it was in this instance an error entirely harmless, since the jury did not found their verdict on the second count of the petition, but held the defendants on the first count, deciding that plaintiff did comply with the terms and conditions of the contract.

IV. The last objection we notice is, in the words of counsel's brief, "that the judgment is erroneous in giving the lien against the ground precedence over the prior mortgages held by the Johnson County Savings Bank." It is sufficient to say in answer to this, that the judgment does not attempt to adjudge or declare any such priority. The judgment neither reaches nor attempts to charge anything except the interest of the owner. The priority of the judgment creditor or incumbrancer is not settled in this instance. The court declined to let the jury pass on this question.

After a careful review of all the questions presented, the most important of which are here noticed, we discover no reason for disturbing the judgment of the circuit court, and the same is therefore affirmed. All concur.

### ON MOTION FOR REHEARING.

. GILL, J.—It is contended on this motion for rehearing that we overlooked a fatal objection made as to the nature of the action, brought by the plaintiff. It is claimed that "the real cause of action was the failure of the defendant company to execute the notes

specified in the contract, and the form of action should have been for breach of contract, instead of *on the contract* and *quantum meruit.*" This position is grounded on the words of the contract as set out in the answer, to the effect that the compensation for plaintiff's work was to be a certain sum of money, payable as follows: When the work, etc., is completed * * * defendant was to sign and deliver to plaintiff three notes of equal value, each bearing interest at eight per cent. of six, twelve and eighteen months from date of completion of work. It is asserted that this is an action of *assumpsit* for goods, etc., and that such an action cannot be maintained until the eighteen months have expired, whereas the suit was commenced within a month after the completion of the work.

There is more than one reason why this super-technical argument will not avail here. In the first place the defendants' answer practically admits the consideration for the work was to be paid in money. In its petition the plaintiff alleges that for the work done, etc., "the said defendants agreed to pay plaintiff the sum of $1,030." The answer admits "that for and in consideration of which these defendants promised to pay the plaintiff the sum of $1,030." It is true, however, that, in the subsequent count of the answer in the nature of an alleged counterclaim for damiges against plaintiff for alleged defective work, defendants set up the terms of the written contract in which it is stipulated that the work was to be paid for in notes. However, the allegations of the answer proper make no such charge. The whole tenor and effect of the answer was to declare wherein the plaintiff had failed to do the work in the manner agreed and provided for in the contract. So then, for this reason alone, the court properly refused defendants' motion for judgment on the pleadings.

Again, it may be well doubted if counsel's construction of the contract is the proper one. It seems

assumed that the contract was for goods and labor furnished on an absolute credit of six, twelve and eighteen months. It was rather a *promise* of credit on condition that certain securities were furnished by the defendant. The $1,030 might have been paid in note signed by the "Electric Springs Company," but no credit was provided for unless such securities were given. *O'Conner v. Dingley*, 26 Cal. 19. By the terms of this agreement, then, defendants had the right to an extension of time for six, twelve and eighteen months · *on giving the notes provided* for ; but failing and refusing in this, plaintiff's right of action accrued immediately. *Kronenberger v. Binz*, 56 Mo. 121. So then we held in the original opinion in this case that there was no extension of time so as to avoid the plaintiff's right to a mechanics' lien, because defendants failed and refused to give the notes which were a condition for such extension of credit.

But now conceding the effect of this provision in the contract to be as claimed, and that it was a sale of goods on time, is plaintiff denied the right to prosecute this action ? In this connection we are cited to numerous cases under the common law, of which *Mussen v. Price*, 4 East, is the leading, and which last case decides "where goods were sold upon the contract that the vendee was to pay for them in three months by bill of two months ; that the contract was for a credit of five months, and that the action of *assumpsit* for goods sold and delivered could not be brought at the end of three months upon the neglect of the vendee to give his bill at two months." Or as more generally expressed in another leading case, "when goods are sold to be paid for by note or bill payable at a future day, and the note or bill is not given, the vendor cannot maintain *assumpsit* on the general count for goods sold and delivered, until the credit has expired." *Hannas v. Mills*, 21 Wend. 92. However, we might as well say here that all these authorities agree that the vendor

may, on refusal of the vendee to give the notes, bring his action immediately for a breach of the special agreement. "The right of action," says BRONSON, J., in the case last cited, "is as perfect on a neglect or refusal to give the note or bill as it can be after the credit has expired. The only difference between suing at the one time or the other relates to the *form* of the remedy; in the one case the plaintiff must declare specially,—in the other he may declare generally. The remedy itself is the same in both cases. The damages are the price of the goods." Now when it is remembered that in the word and spirit of our code we have nothing to do with these old *forms* of procedure; that we have "but one form of action for the enforcement or protection of private rights, etc., which shall be denominated a civil action;" and that our pleadings (whether petition or answer) shall be sufficient if they state in a plain and concise manner the facts constituting the cause of action or defense, etc. (R. S. 1879, secs. 3461, 3511, 3321, etc.) we find ourselves relieved of any needed discussion of these intricacies in pleading which served more as pitfalls than as aids to a just administration of the law. It is enough under our system that such *facts* appear as justify a judgment the one way or the other. We have no concern as to the mere form of the pleading. *Kansas City Nat. Bank v. Landis*, 34 Mo. App. 440. The *facts* alleged and proved in this case are under the law sufficient to warrant a recovery. It makes no difference whether it be called an action of *assumpsit*, or a special action on the contract.

The motion is overruled.