MOORE v. H. GAUS & SONS MANUFACTURING COMPANY, *Appellant.*

Division Two, December 19, 1892.

1. **Corporation**: CONTRACT: ASSIGNMENT. The secretary and treasurer of a corporation, who owns a majority of its stock and has entire control of its business, can make a valid assignment of a contract entered into by the corporation with another company.

2. ———; ———: ———. Such assignment is valid without the formal action of the board of directors thereon.

3. **Pleading**: SPECIAL CONTRACT: COMMON COUNTS. One who contracts with another for the equipment of the latter's building with a system of fire extinguishers may declare on the common counts in *assumpsit* instead of on the special contract, where he has fully performed his contract, and only the duty of the defendant to pay the stipulated price remains to be performed.

4. ———: ———: ———. So in such case the common count in *assumpsit* may be united with a special count on the contract.

5. ———: ———: ———: EQUITY. The courts of law, as distinguished from those of equity, will afford the necessary redress in such cases.

6. **Contract**: QUANTUM MERUIT: INSTRUCTION.   Where the defendant interposes a counter-claim for damages because of the failure of plaintiff's assignor to comply with his contract, in putting in the system of extinguishers, it is not error to instruct that, if the plaintiff has complied with the contract, he is entitled to recover the contract price; and, if he has not in every respect fulfilled the contract, still, if defendant has used, possessed and enjoyed the same, plaintiff is entitled to recover whatever the work was reasonably worth, less whatever damage defendant may have sustained by plaintiff's failure to comply with the contract.

7. **Evidence**: WEATHER: UNITED STATES SIGNAL SERVICE.   A sworn copy of the record of the United States Signal Service Department is admissible in evidence to show the maximum temperature of the weather at a particular time.

8. **Contract, Action on**: EVIDENCE.   Where, in an action by one for the contract price of putting in a system of fire extinguishers in a building, defendant claims that there was improper delay in putting in the system, evidence as to the condition of the market for water pipes at the time the contract was made is competent as bearing on the question whether the contract was performed in a reasonable time.

9. ——: ——.   Evidence of the persons who did the work was admissible to show that they offered to change the pipes, and that defendant refused to allow them to do so, unless they would agree to bear the loss on fire insurance premium while the work was in progress, such evidence being competent to show the good faith of defendant's objections to the sufficiency of the work.

10. **Evidence**: COMPROMISE.   Negotiation for a compromise should be pending to support an objection to proof of admissions, because made on the faith of a compromise.

11. ——: ——.   Communications made to third persons and not in confidence do not come within the rule excluding admissions because made for purposes of a compromise.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Mills & Flitcraft* for appellant.

(1) The assignment of the cause of action was not shown to be with the authority of the National Automatic

Fire Alarm Company. *Hyde v. Larkin*, 35 Mo. App. 365. (2) The contract was not in its nature a "building contract," and plaintiff was not justified in abandoning the contract and bringing suit on the *quantum meruit*. *Yeats v. Ballentine*, 56 Mo. 530; *Eyerman v. Mt. Sinai*, 61 Mo. 489; *Haysler v. Owen*, 61 Mo. 270; *Fox v. Pullman Co.*, 16 Mo. App. 122; *Gruetzner v. Furniture Co.*, 28 Mo. App. 263; *Fletcher v. Mfg. Co.*, 35 Mo. App. 321; *Fleischman v. Miller*, 38 Mo. App. 177; *Gregg v. Dunn*, 38 Mo. App. 283; *O'Brien v. Mayer*, 23 Mo. App. 648; *Graves v. Pierce*, 53 Mo. 423; *Richardson v. Koch*, 81 Mo. 264; *Baldwin v. Merrick*, 1 Mo. App. 281; *Fairbanks v. Drug Co.*, 42 Mo. App. 262; *Electric Co. v. Drug Co.*, 42 Mo. App. 272. (3) The use of the system did not constitute an acceptance or a waiver of defects. *Dinsmore v. Livingston Co.*, 60 Mo. 241; *Haynes v. Church*, 80 Mo. 289; *Smith v. Brady*, 17 N. Y. 173; *Gove v. Mill Co.*, 17 Pac. Rep. 740. (4) The remedy for a capricious refusal to accept work as satisfactory is in equity and not in an action claiming full compliance. *Dinsmore v. Livingston Co.*, 60 Mo. 244. (5) The instructions of the court are contradictory and confusing, and framed so as to suggest a recovery either on the basis of a fulfilled contract or on a *quantum meruit* with the contract abandoned. (6) The court erred in admitting improper and incompetent evidence offered by the plaintiff. *First.* As to intentions of parties in putting in similar systems. *Roberts v. Lynch*, 15 Mo. App. 456. *Second.* Copies of reports as to the condition of the weather. 1 Wharton on Evidence, sec. 647. *Third.* The condition of the pipe market as an expense for delay in fulfilling contract. *Fourth.* Admission of letter of Ripley & Bronson. *Fifth.* Admission of offer of compromise of disputed claim not accepted. 2 Wharton on Evidence, sec. 1090, and cases cited; 1 Greenleaf on Evidence, sec. 192; *Ferry*

*v. Taylor*, 33 Mo. 333; 1 Rice on Evidence, pp. 435, 473; *Ins. Co. v. Balt Co.*, 93 U. S. 527; *West v. Smith*, 101 U. S. 273; *Kierstead v. Brown*, 23 Neb. 595.

*Silas B. Jones* and *Rowell & Ferris* for respondent.

(1) *First.* As to third persons dealing with a corporation, it is not necessary to prove formal action by its board of directors in order to establish the authority of its chief officers to act for it. The authority of such officer, as well as its limits, may be established by showing the manner in which the corporation in fact transacts its business through such officer. *Ins. Co. v. Seminary*, 52 Mo. 480; *Sparks v. Dispatch Trans. Co.*, 104 Mo. 531. *Second.* The chief officer of a corporation, without special authority from its board of directors, may bind the corporation in matters arising in the usual course of business. *Sparks v. Dispatch Trans. Co.*, 104 Mo. 531. *Third.* The admissions of a chief officer of a corporation touching any of its business transactions are competent evidence against the corporation. *Costigan v. Michael T. Co.*, 38 Mo. App. 219. *Fourth.* A parol assignment of a chose in action is valid. *Kuhn v. Schwartz*, 33 Mo. App. 610; *Smith v. Sterritt*, 24 Mo. 260. (2) *First.* Where the plaintiff has fully performed a contract and nothing remains but the duty of the defendant to pay the stipulated price thereunder, the plaintiff may recover the stipulated price under a petition framed upon an *indebitatus assumpsit*. In such case the plaintiff is not required to declare on the contract; he has the option to use the common count in *assumpsit*, or to declare specially on the contract. *Mansur v. Botts*, 80 Mo. 651; *Stout v. Tribune Co.*, 52 Mo. 342; *Plummer v. Frost*, 81 Mo. 425; *Carroll v. Paul*, 16 Mo. 226; *Fox v. Car Co.*, 16 Mo. App. 122; *Hanel v. Freund*, 17 Mo. App. 618; *Crump v. Rebstock*, 20 Mo. App.

37; *Floerke v. Distilling Co.*, 20 Mò. App. 76; *Koenig v. Morrison*, 44 Mo. App. 411; Pomeroy on Rights & Remedies, sec. 543; Bliss on Code Pleading, sec. 157. *Second.* If the plaintiff having fully performed his contract elects to use the common count in *assumpsit*, the contract price is the measure of his damages. In such case the contract price is the *quantum meruit* or *quantum valebat*. *Fells v. Vestrali*, 2 Keyes (N. Y.), 152; *Kersteller v. Raymond*, 10 Ind. 199, and authorities cited under first division of this proposition. (3) *First.* Where work has been done and materials furnished by the plaintiff under a special contract, which has not been fully performed by the plaintiff, yet, if the defendant has derived a benefit from the part performance of the contract, the plaintiff in an action framed in *assumpsit* upon a *quantum valebat* may recover the value of the work done and materials furnished, not exceeding the contract price, after deducting any damage which has resulted to the defendant from the plaintiff's failure to fully perform the contract. *Yeats v. Ballentine*, 56 Mo. 530; *Eyermann v. Cemetery Ass'n*, 61 Mo. 489; *Rude v. Mitchell*, 97 Mo. 365; *Thompson v. Allsman*, 7 Mo. 530; *Lowe v. Sinklear*, 27 Mo. 308; *Davis v. Brown*, 67 Mo. 313; *O'Brien v. Mayer*, 23 Mo. App. 648; *Koenig v. Morrison*, 44 Mo. App. 411. *Second.* An exception to this doctrine exists in case of a contract purely for personal services, where, if plaintiff has contracted to serve the defendant for a specified term, and wilfully abandons the service before the expiration of the term, he cannot recover anything of the defendant in any form of action. *Earp v. Tyler*, 73 Mo. 617. (4) *First.* Where the subject-matter of a contract is a chattel to be delivered, although work and labor are to be done on the chattel before its delivery, the contract is one of sale of the chattel, and not a contract for work and labor merely. *Pratt v. Miller*, 18 S. W. Rep.

965; *Burrell v. Highleyman*, 33 Mo. App. 183; *Fairbanks v. Drug Co.*, 42 Mo. App. 262; *Pike E. Co. v. Drug Co.*, 42 Mo. App. 272; *Lee v. Griffin*, 1 B. & S. 272; 1 Benjamin on Sales [Corbin's Ed.] sec. 102, *et seq. Second*. Where the seller of a chattel fails to fully comply with his contract, yet, if the purchaser has received and used the chattel, though not as complying with the contract, the seller may recover its value to the defendant upon a count in *indebitatus assumpsit*. *Yeats v. Ballentine*, 56 Mo. 530; *Thompson v. Allsman*, 7 Mo. 530; *Oxendale v. Wetherell*, 9 B. & C. 386; *Bowker v. Hoyt*, 18 Pick. 555, and the following editions of Benjamin, where the great body of the cases are cited: 2 Benjamin on Sales [Corbin's Ed.] p. 903; 2 Benjamin on Sales [Kerr's Ed.] p. *682; Benjamin on Sales [Bennett's Ed.] p. 73. See also 2 Parsons on Contracts [7 Ed.] p. *523. (5) The signal service is created by the federal government, and its records being public records are competent evidence of the facts therein recorded; and the contents of the records may be proved by a verified copy under the common-law rule for proving contents of public records. The statutory mode of proof is not exclusive. 1 Greenleaf on Evidence, sec. 483; 1 Wharton on Evidence, sec. 639; *Karr v. Jackson*, 28 Mo. 316. (6) To render an offer of settlement incompetent evidence against the party making it, the offer must have been made for the purpose of compromising pending or at least threatened litigation, and with the express or at least implied condition that it is to be "without prejudice." The party making it must at the time intend it to be a confidential overture for peace; otherwise it is not incompetent evidence against him. *Ferry v. Taylor*, 33 Mo. 323; 1 Greenleaf on Evidence, sec. 192; 2 Wharton on Evidence, sec. 1090.

GANTT, P. J.—This is an action to recover $2,900, the contract price of equipping appellant's factory and planing mill, in the city of St. Louis, with the "Grinnell Automatic Sprinkler System," an apparatus designed and used for the extinguishment of fires.

The petition is in the form of *indebitatus assumpsit* for the value of the work and labor done and material furnished defendant by the National Automatic Fire Alarm Company of New York, and alleges the construction of said apparatus in defendant's factory and planing mill by said corporation, its acceptance and use by defendant, the assignment after completion of the account by the corporation to plaintiff and the failure to pay upon demand.

The answer is a general denial and a special defense that the work was to be done in accordance with certain specifications and the money to be paid when it was satisfactory to all parties; that it had never been completed at all or satisfactory to defendant, and the system was worthless.

The answer contains also a counter-claim, that the contract required the system when put in should be satisfactory to the board of fire underwriters; that plaintiff knew that the purpose of requiring the work to be done satisfactory to the underwriters was that defendant might be relieved of high charges for insurance and obtain a lower rate; that the building was completed September 20, 1888, and owing to the delay in completion of the sprinklers the defendant had been compelled to pay the increased rate of insurance to the amount of $600; a further damage of $750, caused by the obstruction of its machinery and employes by the alarm company, and a further damage of $400 in repairs and work on the system by defendant to keep it in order; and a further sum of $1,500, because the

system was constructed of inferior and improper materials, and not according to contract, and "that the alleged assignment (to plaintiff of the account) was made to prevent the defendant from recovering damages against said National Automatic Fire Alarm Company." The counter-claim amounts to $3,250.

The reply is a general denial of the defenses set up in the answer. The cause was tried to a jury and resulted in a verdict for plaintiff for the full contract price and interest.

The defendant has appealed, and assigns certain errors, which will be considered in the order of its brief in this court.

I. The first point relied upon by the appellant is, that the assignment of the cause of action was not shown to have been made by authority of the fire alarm company, with whom the contract was made. It was as follows:

"This assignment made this twenty-sixth day of February, 1889, witnesseth:

"Whereas, John Moore, of St. Louis, Missouri, was, about the fifteenth day of August, 1888, in the employ of the National Automatic Fire Alarm Company of New York, and on or about said date made and entered into a contract with Henry Gaus & Sons Manufacturing Company of St. Louis for and in the name of said national company for the equipment of the premises of said Gaus company with automatic sprinklers; and whereas subsequently to the date above mentioned the said national company for a valuable consideration assigned said contract to the said Moore, said assignment being a verbal one; and, whereas there is some controversy as to payment by the Gaus company for said equipment, and it may become necessary for the said Moore to resort to law

for the collection of the amount claimed to be due him, and it is desired to bring suit in his name against the Gaus company. Now, therefore, for and in consideration of the premises and the sum of $1 to me in hand paid, the National Automatic Fire Alarm Company hereby confirms the above named verbal transaction and transfers and sets over unto the said Moore all its right and interest in said contract and claim.

"In witness whereof the said National Automatic Fire Alarm Company has hereto subscribed its name on the date first above written.

"J. W. FROST,

"Secretary and Treasurer for National Automatic Fire Alarm Company."

The objection of defendant to this assignment was, "that the assignment purports to be made by a corporation, the only governing power in which is its board of directors, and as the assignment is not authorized by the board of directors it is not a valid assignment."

It was shown without objection from defendant that Frost was not only secretary and treasurer, but had entire charge of the business of the corporation, owned a majority of its stock, and made all the contracts of the concern.

It will be observed that defendant's counsel do not base their contention of the insufficiency of the assignment upon any ground save that it could only be lawfully affected by the board of directors.

In matters of simple contract no such rigid rule obtains in this state. The power of an agent or officer of a corporation to bind his principal is governed by the law of agency, and, where an officer has been permitted to manage all the business of a corporation, his authority to bind it will be implied from the apparent power thus conferred upon him.

The evidence in the case is uncontradicted as to

the broad scope of Frost's agency in the management of the affairs of this coporation.   We think the assignment was within the apparent authority conferred on him and was sufficient without the formal action of a board of directors.   *Sparks v. Dispatch Trans. Co.*, 104 Mo. 531; *Bank v. Coal Co.*,86 Mo. 125; *Mining Co. v. Bank*, 104 U. S. 192; *Martin v. Webb*, 110 U. S. 7; *Bank v. Gilstrap*, 45 Mo. 419.

II. The next assignment of error is that it was not competent for plaintiff to frame his petition upon an *indebitatus assumpsit* of *quantum meruit* and *quantum valebat* instead of declaring specially on the contract.   Appellant insists that such a course is only permitted in actions upon building contracts.

We have so recently examined this subject, and expressed our views in the case of *Williams v. Railroad*, 112 Mo. 468,—that it will not be necessary to review the authorities again.   We held in that case that, where the plaintiff has fully performed a contract and nothing remains to be done but the duty of the defendant to pay the stipulated price thereunder, the plaintiff might sue in *assumpsit*, using the common count of *quantum meruit*.   This was unquestionably the rule at common law.   *Dermott v. Jones*, 2 Wall. 9; *Chesapeake & Ohio Canal Co. v. Knapp*, 9 Peters, 565; *Mansur v. Botts*, 80 Mo. 651; *Yeats v. Ballentine*, 56 Mo. 536. And we also held that it was allowable to unite a count in *assumpsit* with one on the contract in the same petition as was done in that case.

Our attention has been called by respondent's brief to a similar conclusion reached by the Kansas City court of appeals in *Globe Light & Heat Co. v. Doud*, 47 Mo. App. 439.   We see no reason for changing the views we expressed in *Williams v. Railroad*, *supra*.   As to restricting that rule to *building contracts* we are aware that expressions have been used in several

cases in the St. Louis court of appeals that would seem to give color to the position of appellant, but we find no such distinction in the law, either in adjudicated cases or in the reason of the rule. *Dermott v. Jones,* 2 Wall. 5. The expressions of Judge Hough in *Earp v. Tyler,* 73 Mo. 617, in regard to "building contracts" are no authority for the position here assumed.

*Thompson v. Allsman,* 7 Mo. 531, was a contract for the building of a boat, not a building contract in the sense asserted by the counsel for appellant. Neither were the cases of *Lowe v. Sinklear,* 27 Mo. 308, and *Creamer v. Bates,* 49 Mo. 523, *building* contracts in the sense here claimed. The fact that a number of cases have arisen on building contracts and the rule has been recognized and followed in each is no reason for confining the application of the rule in pleading solely to that character of cases. It has no such restriction. The only exception to the rule is found in contracts for personal labor for a specified term. *Earp v. Tyler,* 73 Mo. 617, and cases cited.

III. The trial court did not instruct the jury that the mere use of the apparatus by the defendant constituted an acceptance or a waiver of defects, and hence there is no force in defendant's third assignment, nor was plaintiff bound to resort to a court of equity if defendant refused to accept the system after it was completed according to contract. The jurisdiction of the courts of law is entirely sufficient to afford redress in such cases, and it is not necessary to go into equity. *Williams v. Railroad, supra; Railroad v. March,* 114 U. S. 549.

IV. There was no inconsistency in the court instructing the jury that, if they found plaintiff had fully complied with his contract, he was entitled to recover the contract price, and, on the other hand, if he had not in every respect fulfilled his contract, still if

they found defendant had used, possessed and enjoyed the same, then plaintiff was entitled to recover what the system was reasonably worth, less whatever damage defendant may have sustained by plaintiff's failure to comply with his contract. This is the well settled law of this state. *Rude v. Mitchell*, 97 Mo. 365; *Globe Light & Heat Co. v. Doud*, 47 Mo. App. 439. In all the instructions the contract furnished the true measure of recovery on the part of plaintiff. His rights were measured by his contract. He could never recover more, and, if he had not complied with it, defendant was permitted to recover its damages.

V. An exception was saved to a question propounded by plaintiff as to whether this sprinkler system when once put in a house was a permanent attachment. But the witness expressed no opinion for the reason that in his opinion it was a question of law and he was not a lawyer. The question and answer were both immaterial.

VI. During the trial an issue was raised as to whether it had been cold enough in January or February, 1889, to freeze water in the pipes of this apparatus. Plaintiff's counsel recalled plaintiff and offered to prove by an examined sworn copy, made by him of the official record kept in the office of the signal service department of the United States at St. Louis, that on the twenty-third of February, 1889, the minimum temperature reached on that day was five degrees above zero. To this evidence defendant objected because original evidence and not rebuttal, and because not the best evidence. The latter objection only is urged here. Before admitting the evidence the trial court required preliminary proof that an official record was kept of the temperature by the United States signal service; that the witness in person had examined that record, and made an exact copy of the temperature on the twenty-

third of February, 1889, and he testified that the copy produced was that copy, and that it was correct. The evidence was competent and material. As early as *Karr v. Jackson*, 28 Mo. 316, it was ruled in this state that a foreign judgment could be proved by a sworn copy. And in that case Judge SCOTT well said "if a foreign judgment can be proved in this manner no reason is seen why any other record may not be proved in the same manner."

This court will take "*ex officio*" cognizance of the fact that the signal service is a department of the government of the United States and the register of the weather kept by its officers is a public record. "Where the proof is by a copy, an examined copy, duly made and sworn to by any competent witness, is always admissible." 1 Greenleaf on Evidence, sec. 485; Wharton on Evidence, sec. 639. The fact that a certified copy of the record itself might have been admitted in nowise destroys the common-law rule.

VII. There was no error in admitting Bronson's evidence as to the condition of the market for water pipes at the time the contract was undertaken. Under the circumstances it was for the jury to consider it in determining whether the contract was executed in a reasonable time and that was a material question, under the conflict of evidence as to when the work should be completed, nor was there any error in permitting Bronson and Ripley to show their offer to change or modify the pipes. They did the work for plaintiff and it was competent to show defendant's refusal to let them fix the system unless they would agree to stand the loss on fire insurance premium while they were at work. It was competent as bearing upon the good faith of defendant's objections to the sufficiency of the work.

VIII. The remaining point made by defendant is, that a certain memorandum, identified by H. F. Kleibacher, a witness for plaintiff, as having been received by him from defendant's bookkeeper, should not have been admitted in evidence. Plaintiff left St. Louis about the time he claims to have completed the work. He drew a draft on defendant for $2,900 in favor of Kleibacher and requested him to collect it. Kleibacher testifies to various interviews and demands, all of which were fruitless. Finally one of the defendant's officers told him to call a certain day. He went and met him and asked what he had determined to do. He said he had left his proposition with his bookkeeper. He called on the bookkeeper who handed witness a memorandum, as follows:

"Twenty-seven hundred dollars ($2,700) to be paid in three notes, $900 each, in sixty, ninety and one hundred and twenty days, without interest, or there will not be an acceptance of the work."

The rule excluding offers of compromise is stated by Greenleaf, sec. 192, "that confidential overtures of pacification and any other offers or propositions between litigating parties, expressly stated to be made without prejudice, are excluded on grounds of public policy." "But in order to exclude distinct admissions of facts it must appear either that they were expressly made without prejudice, or, at least, that they were made under the faith of a pending treaty and into which the party might have been led by the confidence of a compromise taking place." The rule has always been recognized and enforced in the practice of our courts, but it is not applicable to this case. There was no negotiation for a compromise. Mr. Henry Gaus was notified by Kleibacher that his authority was merely to collect $2,900, without rebates or set-offs.

It was an unconditional demand for the contract price, and a counter-demand for $200 as a counter-claim for increased insurance charges suffered by delay. Plaintiff was never approached for a compromise. The communication was made to this agent, who had no authority to compromise his principal's claim, nor is there the slightest intimation that it was confidential, or made "*without* prejudice." Communications thus made to a third person, and not in confidence do not come within the rule so as to exclude the admission. *Ashlock v. Linder*, 50 Ill. 169; *Wallace v. Small*, 1 Moody & Malkin, 446; *Mainstee National Bank v. Seymann*, 31 N. W. Rep. 140. The evidence tends to prove an admission of the liability for the contract price coupled with a counter-claim for $200 for loss occasioned by increased rate of insurance, made when no litigation was pending or threatened, made to one who had no authority to accept it, and made without any intimation that it was confidential and without prejudice. We think it was competent to be weighed by the jury. The jury passed upon the case under correct instructions, and the trial court declined to interfere with their verdict, and we see no cause whatever for reversing its judgment. Judgment affirmed. All concur.