MARY SQUIRE, Executrix, Respondent, v. FERD HEIM BREWING COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1901.

1. Pleading: CONTRACT: QUANTUM MERUIT: INSTRUCTIONS. Where the contract has been performed, a party thereto may sue in *quantum meruit*, or may join in one petition counts on express contract and in *quantum meruit;* but when the count is on the contract the instructions can not warrant a recovery on a *quantum meruit.*

2. Instructions: JURY QUESTION: CONTRACTS: QUANTUM MERUIT. An attempted distinction between contracts which the law implies, and agreements which the law implies from the acts of the parties, is held without merit and in no event can a jury be permitted to make such distinction, and an instruction submitting such distinction is error.

3. Landlord and Tenant: VERBAL LEASE: TENANCY.  An oral lease of a building in a city constitutes a tenancy from month to month.

4. ————: RECEIVING RENT: FORMER TENANCY: INSTRUCTIONS.  When a landlord permits a person to occupy the premises

and accepts rent from him, and gives him receipts therefor, he thereby makes him his tenant and repudiates a former tenant, and no specified contract of tenancy is necessary, and an instruction requiring such a contract is error.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

REVERSED AND REMANDED.

*Ben T. Hardin* for appellant.

(1) Plaintiff can not plead one cause of action and recover on another. Dougherty v. Matthews, 35 Mo. 520; Buffington v. Railroad, 64 Mo. 246; Eyerman v. Cem. Assoc., 61 Mo. 489; Bank v. Armstrong, 62 Mo. 59; Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414; Ely v. Railroad, 77 Mo. 34; Melvin v. Railroad, 89 Mo. 106; Gurley v. Railroad, 93 Mo. 445; Haynes v. Trenton, 108 Mo. 123; Woods v. Campbell, 110 Mo. 572; Yarnell v. Railroad, 113 Mo. 570; Milling Co. v. Transit Company, 122 Mo. 258; Hite v. Railroad, 130 Mo. 132; Chitty v. Railroad, 148 Mo. 64; Lewis v. Slack, 27 Mo. App. 119; Bank v. Payne, 31 Mo. App. 512; Warson v. McElroy, 33 Mo. App. 553; Mohney v. Reed, 40 Mo. App. 99; Smith v. Haley, 41 Mo. App. 616; Gas Co. v. Mercer, 48 Mo. App. 644; Jacquin v. Railroad, 57 Mo. App. 320; Colliott v. Mfg. Company, 71 Mo. App. 163; Mason v. Railroad, 75 Mo. App. 2. (2) The rule is well settled that the issues made by the pleadings can not be broadened by the instructions. McCormick v. Transit Co., 154 Mo. 191; Obert v. Dunn, 140 Mo. 476; Bank v. Rohrer, 138 Mo. 369; Hamlin v. Abell, 120 Mo. 188; Clough v. Holden, 115 Mo. 336; Wright v. Fonda, 44 Mo. App. 642; Dean v. Chandler, 44 Mo. App. 338; Bank v. Stanley, 46 Mo. App. 440; O'Brien v. Loomis, 43 Mo.

Squire v. Ferd. Heim Brewing Co.

App. 29; 2 Thompson on Trials, sec. 2309. (3) Where the declaration is on a special contract, the contract must be proved as set forth or the plaintiff can not recover. 1 Wait's Act and Def., p. 399, sec. 2; Kidder v. Flagg, 28 Me. 477; Lanitz v. King, 93 Mo. 513. (4) Again, said instruction submitted a question of law to the jury. The question as to whether or not there is an implied contract between parties, is always a question of law. Link v. Westerman, 80 Mo. App. 592; Broughton v. Sumner, 80 Mo. App. 386; Kuhl v. Meyer, 42 Mo. App. 475; Smith v. Coal Co., 36 Mo. App. 583; Best v. Meyerfeld, 77 Mo. App. 181; Downend v. Kansas City, 71 Mo. App. 529; Osgood v. Lewis, 2 Harris & Gill (Md.) 495, s. c. 18 Am. Dec. 317; Sceva v. True, 53 N. H. 627; Hertzog v. Hertzog, 29 Pa. St. 468.

*Frank Hagerman* for respondent.

(1) Defendant's assertion that plaintiff is suing on one cause of action and endeavoring to recover on another, is not correct. Defendant misconceives the principle laid down by the authorities cited in its brief. We claimed an agreement to pay, as distinguished from an obligation created by law, and we proved such an agreement. The implication mentioned in the instruction was one of pure fact, going to the understanding and intention of the parties. (2) The petition in this case might not cover an obligation imposed by law, but it would cover an agreement, whether that agreement was signed and sealed, or whether it rested merely in the understanding of the parties. 15 Am. and Eng. Ency. Law (2 Ed.), 1077, 1078; Phillips' Code Pleading, secs. 376, 377. (3) An allegation of facts raising an implied contract is not supported by proof of an express contract, but an objection on the ground of the variance can not be made for the first time on appeal. Lines v. Lines (1880), 54 Ia.

600; Chouquette v. Railroad, (1899), 152 Mo. 257. (4) There was no error in the giving of the instruction for the plaintiff. The question for the jury was, was the defendant really renting the building and placing therein whomsoever it pleased as actual tenants? If it was, then defendant was liable, otherwise not. It was purely a question of intent; it was a "question for the jury what the parties really intended." 1 Thompson on Trials, sec. 1157; Robinson v. Raynor (1864), 28 N. Y. 497; Martin v. Wright's Admrs. (1835), 13 Wend. 460. The instruction as given would have meant the same had the words "express or implied" been omitted. Their insertion, therefore, did not vitiate the instruction. (5) If defendant was a tenant of plaintiff, it was a tenancy from month to month, and required thirty days' notice for its termination. (6) The modification of defendant's second instruction was proper. Instructions must be based on the evidence. From the evidence in this case Zweisewske occupied the premises either under plaintiff or under defendant.

BROADDUS, J.—The plaintiff in his petition alleges that during the months of July, August, September and October, 1899, the defendant was his tenant, occupying a certain basement and rooms in a building of plaintiff situated in Kansas City, Missouri; that the defendant agreed to pay plaintiff $93 per month, in advance, for the use of said property; and that demand has been made for said rent but payment refused. He claims judgment for $372 principal and $4.65 interest, making a total of $376.65 for which he asks judgment. The answer is a general denial except as to defendant being an incorporation, which is admitted.

On the trial, which was had before a jury, the plaintiff was given a verdict for $372, upon which judgment was rendered. The defendant has appealed.

Six or eight years before the institution of this suit, the premises in controversy, to-wit: the basement of a building and the room on the first floor to be used as a saloon, and two rooms on the second floor to be used as a dwelling, were either rented to one Stack or the defendant by verbal contract. The plaintiff's evidence tended to show that the defendant was the tenant. Defendant's evidence, on the contrary, tended to show that Stack was the tenant. The defendant was the owner of the fixtures, but Stack carried on the business of the saloon. The beer sold at the place was that exclusively manufactured by the defendant. It was shown that defendant's agent actively participated in the negotiation for the leasing of the premises. The business was ostensibly carried on by Stack for several years, when he was succeeded by one Zweisewske, who occupied the place and carried on the business until some time about July, 1899, when he quit, after which the premises were vacant until about November of that year, excepting a part of the time they were occupied by defer. lant's fixtures. This suit is for the rent during the months of July, August, September and October, the time during which the premises were left vacant, and for which no rent has been paid.

Plaintiff's evidence was that the defendant agreed to pay $93 per month in advance for said basement and rooms. And this was the price to be paid by Zweisewske, so he says, under his arrangement with defendant's agent. The evidence was very conflicting and somewhat confused and unsatisfactory. It was contended by the plaintiff that during the whole length of time covered by the evidence, the defendant was his tenant.

The defendant complains of the action of the court in the giving of instruction number one on the part of plaintiff, said instruction being as follows: "If plaintiff permitted individuals to occupy the building in question from time to time upon the understanding and agreement between plaintiff

and defendant, either *expressed* or *implied* that defendant was really renting the building and placing therein whomsoever it pleased as actual occupants, then defendant became and was a tenant of plaintiff. If such tenant, then it was required to pay for the months of July, August, September and October, the monthly rental, if any, agreed upon, not to exceed $93 per month."

The objection to this instruction is that it allows the plaintiff to recover either on an *express* or *implied* contract. It has been held that a party may sue upon *quantum meruit* where the contract has been performed, but his contract will limit the amount of his recovery. (Mansur v. Botts, 80 Mo. 651), or that he may join in one petition a count upon an express contract and a count in *indebitatus assumpsit* or *quantum meruit*. Light Co. v. Doud, 47 Mo. App. 439; Moore v. Mfg. Co. 113 Mo. 98. But in this case there is no count for *quantum meruit,* but a single count on an express contract. And it is a familiar rule that the instruction must relate to the issue made by the pleadings.

The plaintiff claims, however, that there is a clear distinction between contracts which the law implies, and agreements which the law implies from the acts of the parties. And that: "The petition in this case might not cover an obligation imposed by law, but it would cover an agreement, whether that agreement was signed and sealed, or whether it rested merely in the understanding of the parties." And this illustration is given: "If one offers to sell another a book for a certain figure, and the other thereupon takes it, an actual understanding and agreement that the person so taking it will pay the price fixed may be implied." But after all, the illustration is only an example of an express contract. The minds of the parties meet and the element of mutuality is complete. All express contracts are the result of the actions of the parties expressed, by word or by act. But admit the distinction

claimed.    Then the jury were not only left to determine what constituted an express contract, but also to discriminate between a contract implied by the law and one to be implied from the acts of the parties.    This was more than ought to be required from the most enlightened jury.    We think the instruction in this respect was erroneous and misleading.    And as has been said, the issues are made by the pleadings.    These issues can not be enlarged by instructions.    This is a fundamental rule of pleading.

The contract not being in writing, and the property being situated in Kansas City, Missouri, it became a tenancy from month to month, and to meet that view of the case the defendant asked the court to give the following instruction, not including that part in italics: "If the jury believe and find from the evidence in this case that the defendant, Ferd Heim Brewing Company, rented the property from plaintiff as alleged, that such renting was not in writing but verbal, then such tenancy was a tenancy from month to month, and if defendant did not afterward occupy said property as the plaintiff's tenant, but *that plaintiff rented said property to one A. Zweisewske and* same was occupied by A. Zweisewske, independent of and unconnected with the defendant, and plaintiff collected rent from said Zweisewske several months and receipted to him therefor in his own name, then plaintiff can not recover and the verdict must be for the defendant." The court refused the same as asked but gave it after inserting the italicised words as above, viz.; *"that plaintiff rented said property to one A. Zweisewske and."*    We think the instruction should have been given as asked.    Said instruction as modified required that Zwiesewske should have rented from plaintiff if the defendant did not occupy the property as tenant, notwithstanding Zweisewske occupied it independent of and unconnected with defendant, in order to authorize the jury to find for defendant.

If the defendant itself did not occupy the premises, nor did it occupy them by its agents, servants or employees, but some one else did who paid rent to plaintiff and received receipts for said rent in his own name, what difference did it make whether said other person rented from plaintiff or not? Said other person, to all intent, became plaintiff's tenant and the defendant stood discharged.   The receiving of rents from another and receipting to him in his own name for same, was in law a repudiation by plaintiff of any prior tenancy of the defendants.   The interpolation of the words indicated was misleading and should not have been made.

We do not think there was error in the refusal of the court to give defendant's instruction in the nature of a demurrer to plaintiff's case, for there was evidence tending to support the allegations of the petition.   But for the errors pointed out the cause is reversed and remanded.   All concur.