GEORGE B. WILSON, Appellant, v. E. L. WILSON, Respondent.

Kansas City Court of Appeals, April 25, 1904.

1. **PLEADING: Quantum Meruit: Special Contract.** At common law a party can sue in assumpsit to recover a stipulated price .due on a special contract when the contract has been fully exe- cuted and nothing remains but the payment of the agreed price.

2. **EVIDENCE: Quantum Meruit: Special Contract.** Where the .action is in *quantum meruit* to recover a stipulated price on an executed contract the special contract is competent to sustain the case and compliance with its terms.

3. ———: ———: ———:. **Failure to Prove.** In an action of *quantum meruit* to recover a stipulated price the written contract is the best evidence, but where the agreed price and considera- tion therefor and the payments of money and property and the balance due are shown by parol there is evidence to send the case to the jury.

4. ———: ———: ———: **Practice.** The written contract is not the foundation of the suit but only evidence of the demand; and the party objecting to parol evidence should, before submis- sion, have moved to strike the same out.

Appeal from Worth Circuit Court.—*Hon. William H. Crawford,* Special Judge.

REVERSED AND REMANDED.

*Hudson & DuBois* for appellant.

(1) The court erred in the admission of illegal, irrelevant and incompetent evidence in permitting de- fendant under the pleadings in this case to introduce and keep in evidence part of a written contract between plaintiff and defendant, and in permitting defendant to cross-examine plaintiff concerning said writ- ten contract. Electrical Co. v. Lewis, 86 Mo. App. 612;

Northup v. Ins. Co., 47 Mo. 435; Mfg. Co. v. Hunter, 87 Mo. App. 50; Mfg. Co. v. School District, 54 Mo. App. 371. (2) A plea of payment means payment in money. A payment other than in money must necessarily rest on an independent agreement, and where the action is commenced in a court of record (as in the case at bar), where formal pleadings are required, such an agreement can not be shown under a general denial or simple plea of payment but the substantive facts of the agreement must be pleaded. Moore v. Renick, 95 Mo. App. 210; Rider v. Culp, 68 Mo. App. 531. (3) Where an answer, after a denial, confesses and avoids, the latter plea will be taken as true and the plaintiff will be entitled to a judgment for such amount as may be determined by the pleading. The defendant's answer in this case admits the purchase of the stock of goods as alleged in plaintiff's petition and avers payments, but as the defendant declined to introduce any evidence to substantiate his plea of payment, the court should have rendered judgment for the plaintiff on the pleadings. Bank v. Stone & Pickett, 93 Mo. App. 292; McCord v. Railway, 21 Mo. App. 95; Mahan v. Brinnell, 94 Mo. App. 171; Price v. Mining Co., 83 Mo. App. 474. (4) Anticipating that the contention of counsel for defendant will be that the court did not err in permitting defendant to introduce part of a written contract between plaintiff and defendant, and that it did not err in permitting defendant to cross-examine plaintiff concerning said written contract, and conceding defendant's position to be correct (which we do not do), still plaintiff has a right under the law to sue in assumpsit. Especially is this true in this case, the evidence conclusively showing that plaintiff had fully performed his part of the contract. Redman v. Adams, 165 Mo. 60; Mansur v. Botts, 80 Mo. 651; Henderson & Jones v. Mace, 64 Mo. App. 395; Moore v. Mfg. Co., 113 Mo. 107; Williams v. Railway, 112 Mo. 491; Light and Heat Co. v. Doud, 47 Mo. App. 439; Plummer v. Trost,

Wilson v. Wilson.

81 Mo. 430. (5) Defendant admitted the purchase of the stock of goods sued for by plaintiff and alleged payment. Whether or not defendant proved payment as alleged is a question of fact for the jury. In giving the peremptory instruction taking this question of fact from the jury, the consideration of the evidence most favorable to the plaintiff must be adopted, and every reasonable inference therefrom must be drawn in plaintiff's favor. Taking this view of this case, which is the well settled rule of law in this State, the evidence introduced by plaintiff clearly establishes his right to recover, and the court erred in giving said peremptory instruction. Pauck v. Beef and Provision Co., 159 Mo. 475; Dorsey v. Railway, 83 Mo. App. 528; Steube v. Iron & Foundry Co., 85 Mo. App. 640.

*Kelso & Schooler, Benson & Peery* and *P. B. Lyons* for respondent.

(1) There was a total failure of proof of the allegations of the petition. There was no proof of the sale of the goods on the terms mentioned in the petition, but on the contrary it appeared that the transaction was governed by an express written contract, which was not introduced in evidence by the plaintiff and which is not before the court. Cramps v. Brewing Assn., 59 Mo. App. 283. (2) Where there is an express, subsisting, unexecuted written contract between the parties, governing their respective rights and liabilities, the plaintiff will not be permitted to abandon such contract and sue in assumpsit, and recover in direct violation of the terms of the solemn written agreement. Johnson v. Strader, 3 Mo. 359; Stollings v. Sappington, 8 Mo. 118; Chambers v. King, 8 Mo. 517; Spalding v. Railway, 73 S. W. 274. (3) There was a variance between the pleading and the proof. A plaintiff can not sue upon one cause of action and recover on another. McCormack v. Railroad, 154 Mo. 202; Cole v. Armour, 154

Mo. 350; Thompson v. Irwin, 76 Mo. App. 418; Chitty v. Railroad, 148 Mo. 64; Clements v. Yates, 69 Mo. 623. (4)   The appellant  contends  that  even  though there was a written contract entered into between the parties, stating the terms of the sale of the stock of goods, still the plaintiff had the right to sue in assumpsit for the balance of the purchase price, and cites a number of cases in support of this proposition.   An examination of these cases will show that none of them have any application to the peculiar and unusual manner in which this case was tried in the court below.

BROADDUS, J.—The allegations of the petition are, that plaintiff at the special instance and request of defendant sold and delivered to defendant a certain stock of goods at an agreed price, that part payment had been made, and that a balance was still due.   The answer was a general denial, coupled with an admission of the  purchase of the  goods and  alleging payment. There was no admission that he purchased the goods at the alleged agreed price.

Plaintiff testified that he invoiced his stock of merchandise to defendant at the value of $7,246.77, and that he received in payment for the goods, cash and property to the amount of about $6,808, leaving defendant indebted to him in the sum of about $460.   Defendant's counsel asked plaintiff on cross-examination whether, on the date of the sale of the merchandise, he and plaintiff entered into a written contract for the sale of the goods.   Plaintiff's counsel objected to the question, which objection at the time was overruled; but after the contract was identified and partly read to the jury, the plaintiff's counsel made the further objection that it was not competent for defendant to introduce it on cross-examination of the witness.   At this point the court remarked, "I haven't finally ruled that out. Cross-examine on other matters."   The contract was not fur-

ther offered during the trial. That part read to the jury is as follows:

"Bucklin, Missouri, October 21, 1901.

"This agreement, made and entered into this day by and between Emmett L. Wilson of Albany, Missouri, party of the first part, and G. B. Wilson, of Worth, Worth county, Missouri, party of the second part, witnesseth: That the party of the first part has this day sold to the party of the second part his farm of about 315 acres, known as the Cherry farm in sections 34 and 35, in Walnut Grove township, numbered 59, of range 15, of Macon county, Missouri, for the consideration of $10,500, and is to furnish clear abstract of title, excepting an encumbrance of $4,000 to be assumed by said second party."

The defendant's counsel on further cross-examination of plaintiff elicited the following facts in addition to what plaintiff had already stated, viz.: That plaintiff delivered the goods and shortly thereafter defendant delivered to plaintiff a deed to the land described in said writing, together with an abstract of the title, which latter showed that the encumbrance on the land was $4,410 instead of $4,000, or $410 in excess of the amount plaintiff assumed in the written contract. It was further shown that plaintiff at first objected to the deed mentioned conveying to him the land because of the excess in the amount of the encumbrance he had assumed, but that afterwards he did accept it, under protest, discharged the encumbrance, and sold the land. The evidence showed the agreed price of the goods, the consideration in money and the property received, and their delivery to the defendant. And it further shows that by reason of the excess of $410 of encumbrance on the land the defendant still owes plaintiff a balance for the goods.

We think under the state of facts the plaintiff has properly brought his suit. "At common law, a party

could sue in assumpsit to recover the stipulated price due on a special contract, where the contract had been fully executed and nothing remained to be done but the payment of the agreed price." Williams v. Railway, 112 Mo. 491; Moore v. Mfg. Co., 113 Mo. 98.

The plaintiff insisted in the trial court, and still insists in this court, that it was not competent for defendant to introduce the written contract, and that he was not required to introduce it. He misconstrues the law, which in such cases, "does not repudiate the contract, nor seek to avoid it, but under his common count of *quantum meruit,* he offers the contract in order to sustain his case and his compliance with its terms." Williams v. Railway, supra.

The respondent contends that there was a total failure of proof of the allegations of the petition; and that there was no proof of sale of the goods at the times mentioned in the petition, but, on the contrary, it appeared that the transaction was governed by an express written contract, which was not introduced in evidence by the plaintiff.

It is true that it was shown that there was such a contract and that it was not introduced in full in evidence, but only a part of it. But plaintiff, notwithstanding, was allowed to state the agreed price of the goods and the consideration therefor, and the payments of money and property, and the balance due. Of course, this, so far as it related to the terms of the contract, was not the best evidence, but it was admitted; and so long as it remained, the plaintiff was entitled to go to the jury, which right was denied him.

The written contract was not the foundation of the suit, it was only evidence of plaintiff's demand. It is true, defendant, in the beginning, objected to plaintiff stating the terms of the contract; but his objection was overruled and the evidence admitted. Before a submission of the case he should have moved the court to strike

out such evidence, which if sustained would have left plaintiff without proof.

Reversed and remanded. All concur.