AMANDA A. GORHAM, Appellant, v. G. A. AUERSWALD, Respondent.

St. Louis Court of Appeals, October 23, 1894.

Evidence: OFFER OF COMPROMISE: The mere offer of a sum of money in compromise of litigation is not competent evidence, as an admission of liability, against the party making it.

*Appeal from the Reynolds Circuit Court.*—HON. J. F. GREEN, Judge.

AFFIRMED.

*Martin L. Clardy* and *David Murphy* for appellant.

*Dinning & Byrns* and *W. H. H. Thomas* for respondent.

BIGGS, J.—This is an action of debt. On a trial in the circuit court the jury returned a verdict in favor of the plaintiff. The court on motion of the defendant granted a new trial, and the plaintiff has appealed.

The defendant lives in the city of De Soto. The plaintiff's attorney went there to see him about a settlement of the plaintiff's claim. Against the objection of the defendant the court permitted the attorney to testify as follows: "I went to De Soto representing Mrs. Gorham, the plaintiff. I called on Dr. Auerswald in his drug store, and told him I had come there to close up that matter of $150 that she claimed he owed. He shook his head and said that he had nothing to close up. I told him I came there to bring suit, but before bringing suit I thought I would call upon him and let him know what I would do. He told me to go ahead, and I

went and brought suit. After the suit was brought I got my dinner at the restaurant near the depot, and Dr. Auerswald then came down to the depot, or near it— that is on the west side of the street near the depot —and he told me to tell Mrs. Gorham that, if she would accept $75 and drop the suit, he would send her a check at once and pay the costs of the suit."

The admission of this evidence was one of the reasons assigned in the order granting the new trial. The other reason was the giving of the following instruction, asked by the plaintiff: "The court instructs the jury that the loss of the note in the fall or summer of 1888 cuts no figure in the case, as it is admitted by defendant that the note was neither taken up by defendant on the date of the alleged payment, nor delivered to defendant; and whether the said note was or was not lost in the summer or fall of 1888 is not material in this case, and ought to be disregarded by the jury."

The motion for a new trial was rightly sustained. The offer of the defendant to pay $75 was simply an attempt to buy his peace, and was therefore privileged. The offer was not accompanied by any admission of indebtedness, or of any other fact which was relevant to the issue. The rule on the subject as stated by Greenleaf is as follows: "It is to be observed that confidential overtures of pacification, and any other offers or propositions between litigating parties, expressly stated to be made without prejudice, are excluded on grounds of public policy. For, without this protective rule, it would often be difficult to take any steps toward an amicable compromise or adjustment. A distinction is taken between the admission of particular facts, and an offer of a sum of money to buy peace. For, as Lord Mansfield observed, it must be permitted to men to buy their peace without prejudice to them,

if the offer should not succeed; and such offers are made to stop litigation without regard to the question whether anything is due or not. If, therefore, the defendant, being sued for £100, should offer the plaintiff £20, this is not admissible in evidence, for it is irrelevant to the issue; it neither admits nor ascertains any debt, and is no more than saying he would give £20 to be rid of the action. But, in order to exclude distinct admissions of facts, it must appear, either that they were expressly made without prejudice, or, at least, that they were made under the faith of a pending treaty and into which the party might have been led by the confidence of a compromise taking place.'' Greenleaf on Evidence, sec. 192.

The instruction complained of was wrong, and hence the new trial was properly granted on that account. The defendant had received some money belonging to the plaintiff with instructions to pay plaintiff's note to one Webb, and to send the remainder to her in the state of California. The defendant sent to the plaintiff a draft for $198, and claimed that he paid the Webb note as directed. The plaintiff admitted the receipt of the draft, but denied the payment of the note. The present action is for the alleged balance of the money. The defendant testified that in July, 1887, he paid the amount of the note to Webb's wife, that she informed him that the note had been misplaced, that he took a receipt for the money and that he inclosed it in a letter to the plaintiff. The plaintiff denied that she received the receipt, and Mrs. Webb denied that the defendant had paid the money to her. She also testified that the note was not lost until some time during the year 1888. Under this condition of the evidence it is manifest that the time when the note was lost was a material fact. If it was lost or misplaced in July, 1887, this would add to the proba-

bility of the defendant's claim of payment, for it is admitted that the note was not surrendered. A failure to show why it was not taken up would have added to the improbability of the defendant's testimony.

With the concurrence of the other judges the judgment of the circuit court will be affirmed, and the cause remanded for further proceedings. It is so ordered.