CHARLES A. HERMAN et al., Respondents, v. THE ST. LOUIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, December 13, 1898.

1. **Personal Injuries:** OFFER TO SETTLE INADMISSIBLE. The offer to pay plaintiff money after the suit was brought, was unquestionably for the purpose of buying the peace of defendant, and for that reason was inadmissible.

2. ——: ——: WITHDRAWAL OF OBJECTIONS. In the case at bar the defendant consented to and invited the court to admit this evidence, by withdrawing its objections to it. A party can not invite error on the trial and afterwards complain that the trial court refused to correct that error.

*Appeal from the St. Louis City Circuit Court.*—Hon. Leroy B. Valliant, Judge.

Affirmed.

Samuel P. Galt for appellant.

The court erred in giving plaintiff's instructions numbered 1, 2 and 3 respectively.   *   *   *   The court erred in giving plaintiff's instruction number 4, in this, that it allowed her to recover for loss of "future services" when there was no claim made in that regard in the petition, and no evidence at all, as to that matter. *   *   *   The court erred in striking out from plaintiff's instruction number 2, as offered, that portion thereof as follows: "Said Matilda S. Herman signaled the conductor to stop at the further or north side of Pine street, and thereupon the conductor did so stop." *   *   *   The court erred in refusing to give defendant's instruction number 5 which was as follows: "The court instructs the jury that there is no evidence in this case tending to prove that the conductor of the train saw the signal of the plaintiff to stop the train, if such signal was made, and the jury can not impute any negligence to the conductor in that regard that he did not see the signal, if made, or did not stop the car in response to such signal, if the jury believe from the evidence he did not stop it." The court erred in refusing the defendant's demurrer to the evidence at the close of plaintiff's case.   *   *   *   The court erred in its ruling upon the admission of evidence of the plaintiff.

No brief filed for respondent.

Bland, J.—Matilda Herman is the wife of plaintiff, Charles Herman. The suit is for injuries received by

Matilda Herman on account of the alleged negligence of the servants and agents of the defendant. The answer admits that defendant is a corporation, and that plaintiff was a passenger on its street railroad train at the time alleged in the petition; denies other allegations, and pleads contributory negligence, which was denied by a reply. The admitted facts are, that on July 10, 1896, Matilda Herman was a passenger on the defendant's street railroad train on Broadway, in the city of St. Louis; that the train consisted of a trailer and grip car (the Broadway being a cable road). It is undisputed that Matilda Herman in attempting to alight from the car of defendant either fell or was thrown from the car. · The evidence adduced by plaintiffs tended to prove that plaintiff, Matilda, tried to signal the conductor of the train to stop the car at the crossing of Broadway and Pine street; that she did not succeed in attracting his attention but that the car was stopped at the usual place of stopping, at the crossing of Broadway and Pine streets, when and where Mrs. Herman undertook to alight from the car; that she got on the running board on the east side of the car, was holding to a standard of the car with one hand, and was in the act of stepping to the street on one foot, the other being on the running board, when the train was started suddenly and with a violent jerk, which threw her prostrate on the street alongside of the car, and that from the fall she received severe and permanent injuries. On the part of the defendant the evidence tended to prove that the train of cars did not stop, but slowed up to let on two passengers at Pine street, and that Mrs. Herman undertook to alight from the car while in motion and fell from the running board, and in this way received her injuries. Plaintiffs recovered a judgment for $600, from which the defendant duly appealed.

The instructions given by the court are unobjectionable and fairly declared the law of the case applicable to the evidence. The exceptions saved to the admission and rejection of evidence are without merit. We discover no semblance of error, either in the admission or the rejection of evidence. On the trial Matilda Herman, plaintiff, testified that Herman Richten, the claim agent of the defendant, after suit was brought, offered her $300; at one time $400; at another time $500 in settlement of her claim. This testimony was admitted after an objection to it had been withdrawn by defendant. Herman Richten testified that he was claim agent of defendant; that he made the offers of settlement as testified to by plaintiff, but at the same time told Mrs. Herman that the defendant was not liable to her for any amount. Mrs. Herman denied that he made the statement to her that the defendant was not liable. On this testimony the defendant asked the following instruction, which the court refused to give:

"The court instructs the jury that the offer of defendant to pay plaintiff on account of her injuries sustained raises no presumption of its liability, and the jury should not consider that, in considering the evidence as to whether the car was or was not stopped when Mrs. Herman attempted to get off the car."

INSTRUCTION.

No other instructions were asked or given bearing on the offer to settle, and the jury were left to draw their own conclusions from it. The offer to pay plaintiff money after the suit was brought was unquestionably for the purpose of buying the peace of defendant, and for that reason was inadmissible. Such offers are made without regard to whether anything is due or not, and can not be classed with admissions against interest. Gorman v. Auerswald, 59 Mo. App. 77;

Columbia Planing Mill v. Ins. Co., 59 Mo. App. 204. The defendant, however, consented to and invited the court to admit this evidence, by withdrawing its objection to it, and for this reason was in no position to ask a limitation on the probative force of the testimony if it had any. A party can not invite error on the trial, and afterwards complain that the trial court refused to correct that error. Berkson v. Railway, 144 Mo. loc. cit. 220; Harper v. Morse, 114 Mo. 317; Johnson-Brinkman Co. v. Bank, 116 Mo. 558; Waller v. Railroad, 59 Mo. App. 410; Drennon v. Dallincourt, 56 Mo. App. 128. We are also of the opinion that this evidence was without any probative force whatever. Herman Ritchten, who made the offer to pay money to settle the suit, was not present when the accident occurred, had no knowledge of any of the facts relevant to the issues in the case, and testified to none, and his proposition to settle was not an admission of any fact material to any issue in the case. What influence, if any, it may have had with the jury, we are unable to determine; but if it had any, the defendant is in no position to complain of it, for no exceptions were made or saved to its admission. If the evidence to settle be eliminated from the record there is ample testimony remaining to warrant the verdict; in fact, the preponderance of the evidence seems to be with the plaintiff, to the effect that when she undertook to alight from the car it was standing, and that before she got off it was started by a sudden jerk, which threw her to the pavement, the judgment is for the right party and should be affirmed, and with the concurrence of the other judges it is so ordered.