## WOOD, Assignee of BERKLEY, Respondent, v. DUFFY, Appellant.

**St Louis Court of Appeals, December 3, 1907.**

EVIDENCE. Where the testimony of a witness concerning a conversation was competent if it was true, but incompetent if the version of another witness who took part in the conversation was true, and there was no declaration of law given by the trial court to indicate the theory upon which the testimony was received, it was not error to admit it.

## Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*David Murphy* for appellant.

The case is entirely within the rule laid down in Graham v. Auerswald, 59 Mo. App. 77. If so the case should be reversed on the ground that there is no legal evidence to support the judgment.

*Alex J. B. Garesche* for respondent.

(1) In law cases, the appellate court will not weigh the evidence, nor reverse on the weight of the evidence. Waddell v. Williams, 50 Mo. 216; Will v. Dryden, 52 Mo. 319; Bray v. Kemp, 113 Mo. 552; State v. Richardson, 117 Mo. 586. (2) In a law case, tried by the court without a jury, where no instructions were given, the judgment will not be reversed. Zimmerman v. Railroad, 156 Mo. 561; Jordan v. Davis, 172 Mo. 599.

GOODE, J.—This action was instituted before a justice of the peace to recover $150, the alleged price of a gold ring with a diamond and sapphire setting. William J. Berkley was the owner of the ring. He traded it to defendant Duffy for a lot. Berkley delivered the ring to Duffy, but the latter subsequently found he could not make a good title to the lot and offered to return the ring. The testimony for plaintiff tends to show that instead of taking the ring back, Berkley agreed Duffy might pay $125 for it. Subsequently Berkley assigned his interest in the supposed debt to plaintiff Wood, and the latter sued for it. After the demand had been put in the hands of Alex J. B. Garesche, an attorney, the latter wrote Duffy a letter; whereupon Duffy called on Garesche and a conversation ensued between the two about the transaction. Garesche testified as a witness for plaintiff and related the conversation. He said he told Duffy that both he and Berkley were his (Garesche's) friends and he (Garesche) would like to have the matter settled; that thereupon Duffy told Garesche all about the original trade for the ring; namely that Duffy was to give Berkley a lot for it, and also told the final arrangement made when the title to the lot was known to have failed; that Duffy then agreed to pay Berkley $125 in cash as soon as a certain pending deal was consummated. The action resulted in a verdict and judgment for plaintiff for $125, and defendant appealed. The error assigned is the admission of the testimony of Garesche, the attorney, which counsel for defendant asserts was incompetent, because whatever Duffy said to the attorney was after the latter had notified him the account was in the attorney's hands for collection, and Duffy's statement was in the nature of an offer of compromise, proffered to avoid litigation. It should be stated that Duffy testified he simply offered to turn back the ring when he found he could not make a good title to the lot; that Berkley said he had bought another ring

and did not need the one traded. Duffy denies he ever promised to pay cash, $125, or any other sum. What he said in regard to the conversation with Garesche was that he went to the latter's office and told him that he (Duffy) was very much surprised at Berkley's putting the claim in the hands of an attorney, and further, that he offered Garesche $100, rather than have any trouble. The tendency of Duffy's testimony is to prove the offer made to Garesche was by way of compromise, and the point against the competency of the evidence would be well taken if what Duffy swore to was all the evidence on the point. [Graham v. Auerswald, 59 Mo. App. 77.] But Garesche's testimony put the conversation in a different light and tends to establish that instead of what Duffy said amounting to a compromise, it was a voluntary narrative of what had transpired between him and Berkley, including an agreement between the two to substitute for the lot a cash payment of $125 as the price of the ring. If the court believed Garesche's version of the conversation, the latter's testimony was perfectly competent as tending to prove an admission by Duffy against interest and not an offer of compromise. No declarations of law were asked, and hence the matter is not presented in a way in which the court can be held to have erred in admitting Garesche's testimony.

The judgment is affirmed. All concur.