## GEORGE PARIS, Respondent, v. THOMAS S. WADDELL, Appellant.

### Springfield Court of Appeals, December 6, 1909.

1. **EVIDENCE: Impeaching Witness: Inconsistent Statements.** It is competent as impeaching evidence to ask a witness, whose direct testimony was to the effect that defendant had not contracted a debt, if on a previous occasion he had not made the statement that defendant was trying to beat the plaintiff out of an honest bill covered by the debt sued on, and it is also competent to show by another witness that the first witness had made such a statement.

2. ———: **Admissions: Offer of Compromise.** The statement of a party that he will pay part of a bill presented to him is competent evidence against him as an admission, and the objection that such evidence is incompetent on the ground that such offer was a compromise proposition cannot be sustained when no suit was pending at the time of the offer and no negotiations of a compromise were under way.

3. ———: **Practice: Incompetent Testimony: Motion to Strike Out.** Where the testimony of a witness admitted as impeaching evidence does not in fact contradict the testimony of the witness whom it is sought to impeach, then the proper way to save objections to such testimony is by motion to strike out for that reason.

4. ———: **Appellate Practice: Objections to Questions: New Reasons Cannot Be Assigned in Appellate Court for First Time.** Where a question propounded to a witness to show contradictory statements so as to affect his credibility is subject to the objection that no time or place is fixed when or where such statements were claimed to have been made, but these reasons were not given in the trial court, the objection on these grounds cannot be made in the appellate court for the first time.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston*, Judge.

**AFFIRMED.**

Paris v. Waddell.

*James A. Potter* for appellant.

(1)  In permitting the witness, Fate Paris, to testify that defendant offered to pay plaintiff five dollars rather than have any trouble over the account here sued on, the court admitted evidence that is excluded on the grounds of public policy.   Terry v. Taylor, 33 Mo. 323; Taussig v. Shields, 26 Mo. App. 318; Huettman v. Viesselman, 48 Mo. App. 582; Gorham v. Auerswald, 59 Mo. App. 77; Herman v. Railroad, 77 Mo. App. 377; Hunter v. Helsley, 98 Mo. App. 616.   (2)  A witness cannot be impeached on the ground that he made contradictory statements, unless his attention is first called to the time, place and circumstances and persons to whom the alleged statements were made.   Gregory v. Cheatham, 36 Mo. 155; State v. Starr, 38 Mo. 270; Lobart v. Buchanan, 50 Mo. 201; State v. Foye, 53 Mo. 336; Spohn v. Railroad, 116 Mo. 617; State v. Ragsdale, 59 Mo. App. 590; Nagel v. Transit Co., 104 Mo. App. 438; Baker v. Shaw, 35 Mo. App. 611.   (3)  This question was also inadmissible for the reason that it involved only immaterial and irrelevant matters and the witness could not be impeached or contradicted by such statements.   Lobart v. Buchanan, 50 Mo. 201; Harper v. Railroad, 47 Mo. 567; McFadden v. Catron, 120 Mo. 252; McKern v. Clavert, 59 Mo. 243; Bank v. Murdock, 62 Mo. 70; State v. Mann, 83 Mo. 589; Morgan v. O'Neill, 51 Mo. App. 35; Ern v. Rubenstein, 72 Mo. App. 337; Brown v. Weldon, 27 Mo. App. 251; State v. McClain, 159 Mo. 340; Hendley v. Globe Refinery Co., 106 Mo. App. 20.

*Charles L. Henson* for respondent.

(1)  Admissions of a party litigant against his interests are admissible, and will be received in evidence against him.   Elliott, Evidence, sec. 222; Greenleaf on Evidence (15 Ed.), sec. 170 et seq.; Moseley v. Railroad,

132 Mo. App. 642; Railroad v. View, 156 Mo. 608; Erwin v. Railroad, 94 Mo. App. 289. (2) The offer of a sum by way of compromise of a claim tacitly admitted is receivable in evidence unless accompanied with a caution that the offer is confidential or expressed to be made without prejudice. Greenleaf on Evidence (15 Ed.), sec. 192; Elliott, Evidence, sec. 240; Moore v. H. Gaus & Sons, 113 Mo. 98. (3) Objections to evidence not interposed at the time the evidence is offered will not be considered in the appellate court. Nor will an objection made in the lower court be permitted to be enlarged into other and further specific objection in the appellate court. Moseley v. Railroad, 132 Mo. App. 642; Bragg v. Metropolitan St. Ry. Co., 192 Mo. 331; Dean v. Railroad, 199 Mo. 386; O'Neill v. Kansas City, 178 Mo. 91.

GRAY, J.—On the 22nd day of August, 1907, respondent brought suit against the defendant before a justice of the peace in Lawrence county, claiming the defendant owed him "the sum of fifteen dollars for team hire and damage to team and buggy." The cause was tried before a justice of the peace and appealed to the circuit court and tried before a jury. The respondent recovered a verdict for seven dollars, judgment entered thereon, and from which the appellant appealed.

The testimony in behalf of plaintiff tended to prove that the respondent, who was engaged in operating a mine, authorized Ben Wheeler and Tom Beasley, two of his employees, to go to the livery stable of respondent and hire a team to be used by said Wheeler and Beasley in an effort to find men to work in the appellant's mine; that the said employees of appellant went to the stable, asked for the team in behalf of appellant and the same was furnished to them; that they kept the team and damaged the buggy until the respondent claimed seven dollars for the use of the team and eight dollars damages for the rig. The appellant denied that he authorized

Wheeler or Beasley to hire the team on his account, and this was the issue in the case.

It is claimed the court committed error in permitting the respondent to testify that when he went to see the appellant about the matter, he said he would pay five dollars for the use of the rig, but he would not pay any damages. Appellant's claim of error is made upon theory that this was an offer of compromise. We do not so regard it. No suit was pending at the time and the respondent simply went to him to collect his bill for the use of the team and damages. The evidence fails to show any negotiations for a compromise were then under way. [Moore v. Gaus & Sons Mfg. Co., 113 Mo. l. c. 111.] In fact the appellant denies that he had any such conversation with the respondent, and did not claim in his testimony that any effort was ever made to compromise.

Ben Wheeler, one of the employees of the appellant, who used the team and buggy, was offered as a witness by the appellant. He testified that Waddell did not authorize him to hire the rig, and that he did not authorize Beasley to do so in his presence. On cross-examination, and for the purpose of impeachment, he was asked this question: "I will ask you if some feeling did not arise between you and Tom Waddell, and if you in the presence of Breedlove and Kline did not say that Tom Waddell, the son of a bitch, would not pay anything; he owed you and had checks for you to the amount of $170, and he beat George Paris out of an honest livery bill." The appellant's counsel made the following objections: "I object to that; it don't tend to prove any issue in this case." The objection was overruled and appellant saved his exception, and now claims that error was committed by the court in overruling the objection. The witness denied having any such conversation. The testimony was admissible. The witness had testified that Waddell did not owe the livery bill and it was sought to show that he had made a

statement that Waddell was trying to beat Paris out of the bill, and it was an honest one.

Breedlove was placed upon the stand and the following question asked him: "Q. I will ask you if you heard Ben Wheeler talking shortly after the last term of court at Stotts City, and in which he made a statement; did you hear any statement made by Ben Wheeler in regard to this case? A. Yes, sir, I did. Q. Just state what it was. A. Well, he came down to the Keystone Mine; he says: 'Boys you have worked your last for Ben Wheeler; he is no more ground boss at this place.' He wanted Charley Jones to get his money out of the safe, $170; he said he wanted his property out of that safe; he said they was trying to beat George Paris out of a $15 just debt and they would beat him out of $170." This testimony was offered for the purpose of impeaching the witness Wheeler, and presumably to prove by Breedlove that Wheeler did make the statement that he denied making on cross-examination.

The objection made to Breedlove's testimony is as follows: "We object to that statement for the reason, if made, was made in the absence of Waddell, and is seeking to bind him by a statement not made in his presence." And to this objection counsel for respondent replied: "It is simply to affect the credibility of the witness Wheeler." If the $15 item referred to by the witness was the claim sued on herein, then the testimony was material and the objection of counsel seems to take it for granted that it did refer to this statement. The questions were subject to the objection that no time or place was fixed, when and where it is claimed they were made, but no such objection was made in the trial court and cannot be made here for the first time.

The abstract of the record shows other objections of appellant, but the brief filed in this court is limited to the questions above passed on. If the testimony of the witness, Breedlove, did not contradict the testimony of Wheeler, then a motion should have been made to

strike out the testimony for that reason, but this objection was not made, and hence the error, if any there was, was not saved in the manner provided by law.

The issues in the case were few and simple. The plaintiff claiming that the defendant had authorized the witnesses, Beasley and Wheeler, to hire a team on his account, and the proof upon this was abundant to carry the case to the jury. The defendant denied this, and offered testimony abundant to sustain his defense. The court submitted the question to the jury on instructions not complained of in this court, and the triers of the facts found the issue in favor of the plaintiff, and that finding this court will not be justified in disturbing under the evidence.

It is therefore ordered that the judgment of the trial court be affirmed. All concur.