SUSAN HILBURN, Respondent, v. THE PHOENIX INSURANCE COMPANY, Appellant.

Springfield Court of Appeals, January 10, 1910.

1. PRACTICE: Motion to Strike Out: Effect of Answering. Defendant waived the error, if any, of the overruling of its motion to strike out part of the petition by answering to the petition, after its motion was overruled, and going to trial.

2. EVIDENCE: Offer of Compromise. An offer of compromise when expressly stated to be made without prejudice, is excluded on the grounds of public policy. But where there is no proof of an offer to buy peace, and the witness testifies that the other party made an offer of settlement, such evidence is admissible.

3. PRACTICE: Evidence: Motion to Strike Out Answer of Witness. Where part of an answer of a witness is admissible and

a part inadmissible, a motion to strike out should be directed to the incompetent part only, and where the motion is to strike out the whole answer it is properly overruled.

4. PLEADING: Insurance: Failure to Make Proof of Loss. The failure to make proof of loss according to the terms of an insurance policy was a matter of defense and should have been pleaded in the answer specially to make it issuable. It is not put in issue by a general denial, even where the petition alleged a compliance with that provision.

5. EVIDENCE: Appellate Practice: Contradictory Statements: Credibility of Witnesses: Question for Jury. Where there was evidence that plaintiff made contradictory statements, this is not a ground for a demurrer to the evidence; the jury are the sole judges of the weight and credibility of the testimony; their finding as to the facts under such circumstances are conclusive on the appellate court.

6. INSURANCE: Knowledge of Agent. Where the evidence shows that the agent of the insurance company, at the time of issuing the policy to plaintiff on her household goods, knew that she was living in a rented house, and the policy was issued and the money received with that understanding, the company will be held to have knowledge of such fact and will not be heard to say that the plaintiff made any misrepresentations or warranty by accepting a policy in which the house was described as belonging to her.

7. PRINCIPAL AND AGENT: Notice to Agent. Knowledge or notice to an agent acquired by the agent during his agency and referring to a transaction within the scope of his agency is knowledge and notice to the principal.

8. INSURANCE: Proof of Loss. Where the holder of an insurance policy mailed the proof of loss in an envelope furnished by the company with the company's address printed thereon, and the proof of loss was in the company's possession thereafter, and the answer of defendant company filed in the case conceded that a proof of loss was furnished; held, sufficient to show that plaintiff had complied with the condition of the policy requiring proof of loss to be sent to the company.

9. ————: Value of Goods Fixed by Policy: Instructions. Where an insurance company takes a risk on personal property in this State and the value is fixed by the policy, and the risk is taken on a given amount, that sum cannot be questioned in any proceeding, and when there is no evidence of any depreciation of the value of the goods insured, it is not necessary to incorporate the question of value of the goods in plaintiff's instructions.

Appeal from Barton Circuit Court.—*Hon. J. B. McGil-vray*, Special Judge.

AFFIRMED.

*Fyke & Snider* and *Cole, Burnett & Moore* for appellant.

(1)   The law favors compromises and settlements, and when parties in good faith make such offers, but fail to effect a settlement, they should not be paraded before the jury, who are too apt to draw the inference, from just such answers as in this case, that the defendant thereby acknowledged its liability.   Columbia Mill Co. v. Insurance Co., 59 Mo. App. 207; Gorham v. Auerswald, 59 Mo. App. 77; Fink v. Insurance Co., 60 Mo. App. 677; Railway v. McGrew, 104 Mo. 298; Railway v. Eby, 152 Mo. 606; Cullen v. Insurance Co., 126 Mo. App. 424.   (2)   The evidence was not sufficient to show that the plaintiff furnished the company with proof of loss within the time required under the policy.   Welsh v. Life Soc., 81 Mo. App. 36; Best v. Insurance Co., 68 Mo. App. 602; 16 Cyc. 1069; Phelan v. Insurance Co., 113 N. Y. 147, 20 N. E. 827; Uhlman v. Brewing Co., 53 Fed. 485; Fleming Co. v. Evans, 9 Kan. App. 858; Insurance Co. v. Fields (Tex.), 26 S. W. 280.   (3)   The demurrer to the evidence should have been sustained for this reason, if for no other.   Hanna v. Insurance Co., 36 Mo. App. 538; Maddox v. Insurance Co., 56 Mo. App. 343; Porter v. Insurance Co., 62 Mo. App. 528; Burgess v. Insurance Co., 114 Mo. App. 179.   (4)   "An insured resorting to fraud and false swearing has no standing in a court of justice and cannot collect any part of his claim; and it makes no difference that the different articles of property of different valuations are servable and the fraudulent claim is as to one of such articles." Hall v. Association, 106 Mo. App. 476; Ostrander on Insurance, sec. 174, p. 445; Modern Woodmen v. Angle,

127 Mo. App. 114; School District v. Insurance Co., 61 Mo. App. 597; Cagle v. Insurance Co., 78 Mo. App. 436; Feary v. Railway, 162 Mo. 105; Dolan v. Insurance Co., 88 Mo. App. 675; Vette v. Evans, 111 Mo. App. 588; Oglesby v. Railway, 150 Mo. 177. (5) Plaintiff had but the one instruction on the merits of the controversy, and it authorized a recovery simply on the showing that the property was destroyed by fire at a certain date, ignoring everything else in issue except fraud. Under all the authorities this was error. Wojtylak v. Coal Co., 188 Mo. 283; Waters-Pierce Oil Co. v. Zinc Co., 98 Mo. App. 324; Stewart v. Andes, 110 Mo. App. 243; Abbott v. Mining Co., 112 Mo. App. 556; Johnston v. Railway, 117 Mo. App. 308.

*H. W. Timmonds* for respondent.

(1) The trial court did not commit any error in overruling defendant's motion to strike out part of plaintiff's amended petition. Walser v. Wear, 141 Mo. 462; State ex rel. v. Bank, 160 Mo. 646; Scovill v. Glasner, 79 Mo. 449; Davis v. Boyce, 73 Mo. App. 563; School District v. Wallace, 75 Mo. App. 322; Hurley v. Railroad, 57 Mo. App. 680. (2) While offers of compromise are, as a rule, inadmissible in evidence, a distinction is made between the admission of particular facts and an offer of a sum of money to buy peace. 1 Greenleaf on Evidence (14th Ed.), sec. 192; Wood v. Duffy, 127 Mo. App. 543; Moore v. Mfg. Co., 113 Mo. 111. (3) All matters of defense under the terms of the contract, or policy, must be specially pleaded to make them issuable. Burgess v. Insurance Co., 114 Mo. App. 188; Hester v. Insurance Co., 69 Mo. App. 194; Ostrander on Fire Insurance (2d Ed.), sec. 591; McComas v. Insurance Co., 56 Mo. 573; Crenshaw v. Insurance Co., 71 Mo. App. 48; Dezell v. F. & C. Co., 176 Mo. 296; LaForce v. Insurance Co., 43 Mo. App. 518; Flanders on Insurance, pp. 541, 542. (4) A letter addressed to the defendant at Chicago, stamped and mailed, is evidence

that it was received by the defendant in Chicago. Mc-Farland v. Accident Ass'n, 124 Mo. 219; Cromwell v. Insurance Co., 47 Mo. App. 109; Bank v. Latimer, 64 Mo. App. 321. (5) Knowledge or notice to an agent, acquired by the agent during his agency and referring to a transaction within the scope of his authority, is knowledge or notice to his principal. Hayward v. Insurance Co., 52 Mo. 181; Hedrick v. Beeler, 110 Mo. 91; Thompson v. Insurance Co., 169 Mo. 25; Kenneth Inv. Co. v. Bank, 96 Mo. App. 142; Planing Mill v. Insurance Co., 59 Mo. App. 204; Hamilton v. Insurance Co., 94 Mo. 368; Mers v. Insurance Co., 68 Mo. 127. (6) When a fire insurance company takes a risk on property in this State, and the value is fixed and the risk taken on a given amount, that sum can not be questioned in any proceeding. R. S. 1899, sec. 7979; Gibson v. Insurance Co., 82 Mo. App. 515; Gragg v. Insurance Co., 132 Mo. App. 405; Crossman v. Insurance Co., 133 Mo. App. 537; Howerton v. Insurance Co., 105 Mo. App. 582; Burge v. Insurance Co., 106 Mo. App. 244; Hanna v. Insurance Co., 109 Mo. App. 158.

NIXON, P. J.—Susan Hilburn, the respondent, on the 14th day of June, 1906, was living at Minden Mines, Barton county, Missouri. One H. C. Chancellor was the local agent of The Phoenix Insurance Company at that place. The appellant through its said agent issued the respondent a policy of insurance against fire for a period of three years from that date, whereby, in consideration of the payment by respondent of a premium and policy fee, respondent was insured against fire in an amount not to exceed five hundred dollars upon household and other goods while contained in a building specified in the policy in the town of Minden Mines.

The petition alleges the taking out of the policy, the payment of the premium, the amount of the policy—five hundred dollars—a description of the property insured, and that the building in which the articles insured were

kept was a shingle roof frame building; that the articles insured were of the value of eight hundred dollars, and that the insurance was to run for a period of three years from June, 1906. Further, that at the time the policy was issued, she was the sole and unconditional owner of the property insured; that in August, 1906, after the policy was issued and while it was in force, the property was totally destroyed by fire, and that respondent's damage and loss amounted to the sum of eight hundred dollars, the value of the goods on that date. That within six days after the loss by fire, she gave the defendant notice in writing of the loss, and within thirty days from the date of the fire, rendered a particular and specific account of such loss which was signed and sworn to by her stating that there was no other insurance on the property and gave the written portion of such policy thereon; that she also gave thereon the actual cash value of such property, specifically stated, and her interest therein, and that it was not incumbered, and when and how the fire originated. Respondent further alleged that at the request of appellant, she submitted to an examination under oath by agents and representatives of the appellant and subscribed to such examination when reduced to writing, and that she exhibited to the agents of appellant all that remained of the property that was covered by the policy for their examination. That she and the appellant failed to agree on the value of and damage to the property covered by said policy, and that she afterwards offered to submit the amount of loss or damage to competent arbitrators, as provided for in said policy, but that appellant refused. That she had performed fully all the conditions of the policy in due time after the fire. She asked judgment for five hundred dollars with interest at six per cent from the 19th day of September, 1906.

A general demurrer was filed to this petition, which was by the court overruled.

Subsequently, the defendant below filed a motion·

to strike out parts of the petition on the ground that the matter sought to be stricken out was irrelevant and frivolous and was merely an effort to create prejudice against the defendant. The language sought to be stricken out is as follows: "The plaintiff further states that she has submitted, at the request of the defendant, to examination under oath by agents and representatives appointed by the defendant and subscribed to such examination when reduced to writing and exhibited to the agents and representatives of the defendant all that remained of the property that was covered by this policy, damaged or not damaged, for their examination for this defendant. Plaintiff further states that she and the defendant failed to agree upon the amount of sound value and of damage to the property covered by said policy and she afterwards offered to submit the amount of loss or damage to competent and impartial arbitrators, as provided for in said policy, but that the defendant has failed, refused and neglected to submit to such arbitration the amount of loss or damage to the property covered by said policy." This motion was by the court overruled.

The answer filed by the appellant pleaded seven separate defenses—after setting up a general denial—which are briefly stated as follows:

1. That whereas the policy covered the goods "while situate on and confined to, premises actually owned and occupied by insured," she never owned the premises, but was tenant only.

2. That plaintiff was not the sole owner of the goods, her husband having an interest therein.

3. That in her oral application she had misrepresented as to previous fires, stating that she had had none, whereas she really had had three.

4. That in her application she had grossly misrepresented as to the value of the goods she wanted insured.

5. That the day before the fire she had purchased and taken home a gallon of gasoline, in violation of the policy, she having no gasoline stove.

6. That in her alleged proof of loss, she grossly misrepresented the value of the property destroyed, to mislead defendant.

7. That in her previous examination under oath, she falsely testified that among the articles lost were a steel range of the value of $65 and one organ of the value of $125, and many other articles, whereas they had been lost in her previous fire at Springfield.

Defendant tendered back the premium with interest and asked that the policy be cancelled and for naught held.

The plaintiff below filed a replication, being a specific denial of the new matter set up in the answer.

Plaintiff obtained judgment in the trial court for five hundred and seventy dollars and costs, and the defendant perfected its appeal to this court in due form.

After a former trial, this case was appealed to the Kansas City Court of Appeals and decided at the October term, 1907, the decision appearing in 129 Mo. App. at page 670, 108 S. W. 576. The judgment for plaintiff was there reversed and the cause remanded for a new trial. The plaintiff amended her petition to meet the requirements of the decision of the Kansas City Court of Appeals. The answer of the defendant tenders practically the same issues as the answer in the former case, with the addition of the first special defense that the goods were in a building not owned by the plaintiff and in which she was only a tenant.

## OPINION.

I. The trial court did not commit an error in overruling appellant's motion to strike out part of the amended petition. The part sought to be stricken out alleged that plaintiff had submitted to an examination

under oath by the agents and representatives of the defendant and that she had offered to arbitrate the amount of the loss or damage. The policy issued to plaintiff required her to submit to such examination and it also provided for an arbitration. These allegations were not self-serving acts, but the fulfillment of the conditions required by the contract and the appellant should not be allowed to object to the fulfillment of the conditions imposed upon respondent by the policy. The appellant waived this error, if any there was, by answering to the petition after its motion to strike out parts of the petition had been overruled, and going to trial. [Walser v. Wear, 141 Mo. loc. cit. 462, 42 S. W. loc. cit. 932; Scovill v. Glasner, 79 Mo. 449; Davis v. Boyce, 73 Mo. App. loc. cit. 565; School District v. Wallace, 75 Mo. App. loc. cit. 322.] Besides this, the answer of the appellant subsequently sets up the same matter as to the examination under oath. At any rate, it would not be material error after trial and judgment.

II.   The appellant claims that when parties in good faith make offers of compromise but fail to effect a settlement, the evidence of such offers of compromise was incompetent and that the trial court committed material error in allowing evidence in this case as to an offer of compromise.

The objectionable evidence was given at the trial by plaintiff as to a conversation with Mr. Thomas who was admitted by the appellant company to be their State agent. The following appears in the record:

"Q.   Did he (meaning Thomas) come to see you with reference to that fire?   A.   Yes, sir.

"Q.   Did you and Mr. Thomas come to any settlement about the fire?   A.   No, sir.   He made me an offer, but we didn't settle."

The rule as to the receipt of evidence of this character is well stated in the case of Moore v. Gaus, 113 Mo. 98, 20 S. W. 975, as follows: "The rule excluding offers of compromise is stated by Greenleaf, sec. 192, 'that

confidential overtures of pacification and any other offers or propositions between litigating parties, expressly stated to be without prejudice, are excluded on grounds of public policy.' 'But in order to exclude distinct admissions of facts it must either appear that they were expressly made without prejudice, or, at least, that they were made under the faith of a pending treaty and into which the party might have been led by the confidence of a compromise taking place.' The rule has always been recognized and enforced in the practice of our courts, but is not applicable to this case. There was no negotiation for a compromise." So, in this case, there is no proof of an offer to buy peace or any negotiation for peace. The answer of the witness was merely the recital of a particular fact and admissible.

The action of the trial court in overruling the motion to strike out the answer of the witness might well be sustained on another ground. The motion was, in effect, to strike out the *whole* answer, not a part of it. If a part of the answer was admissible and a part inadmissible, the motion should have been directed to the incompetent part only, and not against both the competent and the incompetent evidence. The statement of the witness that there had been no settlement was competent.

We do not think there was any error committed by the court in overruling this motion.

III. Appellant contends that there is a warranty in the policy of insurance held by respondent that no gasoline will be kept within the building, and that this warranty was violated. Unfortunately for this objection there is no evidence in the record to sustain it. The respondent's testimony on this point is undisputed. It was as follows:

"Q. The day before the fire you had bought a gallon of gasoline at Usher's store, had you not? A. Yes, sir.

"Q. Took it home with you? A. I didn't take it.

"Q. Who took it? A. My little boy.

"Q. You sent for it? A. Yes, sir.

"Q. He brought it, did he? A. He brought it in a little wagon. You know what I told you, Mr. Moore, the other time, what that was for—to kill bed bugs."

On-direct examination, she testified:

"Q. Mrs. Hilburn, you were asked about whether you bought some gasoline, on your examination—cross-examination, Saturday evening. Did you take that gasoline in the house? A. No, sir; I never had it in the house.

"Q. Where did you put it? A. I had it in the old tool-box where there were some tools kept out behind the house, quite a little distance from the house.

"Q. What did you get that gasoline for? A. I got it is a preventative from bed bugs."

IV. The policy required that proof of loss be submitted within thirty days. The petition alleged compliance and there was a general denial in the answer. It is claimed by appellant that the general denial put in issue the question whether the proof of loss required by the terms of the policy had been made within that time. This seems to be a misapprehension of the law governing cases of this kind. The failure to make the proof of loss according to the terms of the policy was a matter of defense and should have been pleaded in the answer specially to have made it issuable. [Burgess v. Insurance Co., 114 Mo. loc. cit. 188, 89 S. W. loc. cit. 574; Hester v. Fidelity & Casualty Co., 69 Mo. App. loc. cit. 194; Stephens v. Fire Association of Philadelphia, decided at this term of court.]

The appellant waived the necessary proof of loss by denying all liability and refusing to pay. It pleaded seven special defenses, but did not specify the failure to furnish proof of loss as one of them. The general denial did not put in issue the allegation in the petition that respondent had complied with the condition requiring

proof of loss to be furnished in a certain manner or within a certain time.

But aside from the matter of pleading, the evidence tended to show that respondent did in fact furnish a proof of loss in strict compliance with the terms of the policy; that she had put it in an envelope with the company's address on it, stamped it and deposited it in the postoffice. The envelope used was furnished by the agent and was one which had been furnished by the company to him. Besides, the proof of loss was in appellant's possession thereafter. Not only is all this true, but the answer filed in the case concedes that a proof of loss was furnished, but objects to it and complains that it exaggerated the value of the goods destroyed. There is no substance in this objection and it borders on the frivolous.

V. Another contention of appellant is that the respondent was not the absolute owner of the property insured. There was evidence tending to prove that respondent bought the property with money inherited from her father and mother and from money paid to her by an insurance company in an amicable settlement for a previous loss. There was sufficient evidence to take this question to the consideration of the jury and the question is not now open for review in an appellate court.

VI. It is contended that the demurrer to the evidence should have been sustained because of the respondent's false and contradictory swearing. There was evidence to show that she made contradictory statements, and the question as to the sufficiency of the evidence was for the determination of the jury. They were the sole judges of the weight and credibility of the testimony and it was their province to give the evidence such weight as they thought it was entitled to. As we have said, the appellate court cannot reconsider it; the finding of the jury as to the facts is conclusive on us.

VII. Objection is also made to the instructions given by the court. We have examined the instructions carefully and find that no just criticism can be made against them. They fairly and fully submitted the issues to the determination of the jury.

VIII. It is contended that the court erroneously instructed the jury that although the property insured was in a house of which the plaintiff was not the actual owner, such facts would not constitute a defense if the agents of the defendant at the time of taking the risk knew such facts. The evidence in regard to the extent of the knowledge of the company's agent appears from the following testimony of H. C. Chancellor, the agent who issued the policy.

"Q. This defendant company has applications for insurance in some cases, have they not? A. Certain class of risks they have.

"Q. These applications when they are made are signed by the insured or parties applying for the insurance? A. Yes, sir.

"Q. Did Mrs. Hilburn sign any application for this insurance? A. No, sir. . . ."

"Q. You knew whose house she was living in? A. Well, I knew who it was supposed to belong to, but I didn't know anything positive about it.

"Q. Who? A. Williams.

"Q. You knew it wasn't her house, did you? A. No, I didn't know it wasn't hers.

"Q. That was your understanding when you were there, that it belonged to Williams? A. Yes, sir, I understood it was Williams' house; I didn't understand it was her house.

"Q. When you wrote the daily report and wrote the policy you didn't understand that Mrs. Hilburn owned the house? A. No, sir.

"Q. You wrote it with the understanding she was renting it? A. Yes, sir."

Knowledge of or notice to an agent acquired by the agent during his agency and referring to a transaction within the scope of his agency is knowledge and notice to his principal. [Hayward v. Insurance Co., 52 Mo. 181; Hedrick v. Beeler, 110 Mo. 91, 19 S. W. 492; Thompson v. Traders' Insurance Co., 169 Mo. loc. cit. 25, 68 S. W. loc. cit. 892; Kenneth Inv. Co. v. Bank, 96 Mo. App. loc. cit. 142, 70 S. W. loc. cit. 178; Columbia Planing Mill Co. v. Insurance Co., 59 Mo. App. 204; Hamilton v. Insurance Co., 94 Mo. loc. cit. 368, 7 S. W. 267; Mers v. Insurance Co., 68 Mo. 127; Riley v. Insurance Co., 117 Mo. App. 229, 92 S. W. 1147.]

Appellant's instruction number one was therefore properly modified by the court. As it was originally written, it left out and ignored a fact that the evidence tended to establish—that at the time of issuing the policy the agent of the company knew that respondent was a tenant, renting the house in which she lived, and that the household goods were not in a house belonging to her, and the policy was issued and the money received with the understanding that the property insured was in a house in which the plaintiff was a tenant and not owner. The appellant, with that knowledge and that understanding, cannot now be heard to say that the respondent made any misrepresentation or warranty by accepting the policy and that she represented that she owned the premises which she occupied. This point must also be ruled in respondent's favor.

IX. The further contention is made that there is no proof of the value of the property insured. Where an insurance company takes a risk on property in this State and the value is fixed by the policy and the risk is taken on a given amount, that sum can not be questioned in any proceeding. [R. S. 1899, sec. 7979; Gibson v. Insurance Co., 82 Mo. App. 515; Gragg v. Insurance Co., 132 Mo. App. 405, 111 S. W. 1184; Crossan v. Insurance Co., 133 Mo. App. 537, 113 S. W. 704.] Section

7979 of the Revised Statutes of 1899 applies to personal property, and a policy covering personal property is a valued policy. [Gibson v. Insurance Co., supra; Howerton v. Insurance Co., 105 Mo. App. loc. cit. 582, 80 S. W. loc. cit. 29; Burge v. Insurance Co., 106 Mo. App. 244, 80 S. W. 342; Hanna v. Insurance Co., 109 Mo. App. loc. cit. 158, 82 S. W. loc. cit. 1116; Gragg v. Insurance Co., supra; Crossan v. Insurance Co., supra.] There was no evidence of any depreciation of the value of the goods insured so that it was not necessary to incorporate the value of the goods in respondent's instructions.

There are some other errors assigned by appellant, but upon careful examination we find them to be without merit.

We find no error committed by the trial court materially affecting the merits. The judgment is therefore affirmed. All concur.