## CHARLES N. DRAKE, Respondent, v. WILLIAM P. ROWAN, Appellant.*

St. Louis Court of Appeals. Opinion filed April 14, 1925.

1. **TRIAL PRACTICE:** Request for Directed Verdict at Close of Plaintiff's Case: Denied: Refusal to Stand on Request: Verdict for Plaintiff: All Proof Considered to Support Verdict: Rule. Where defendant refused to stand at the close of plaintiff's case on his request for a directed verdict but went forward introducing evidence, in determining whether any proof is present as a foundation for a verdict for plaintiff, both plaintiff's and defendant's evidence must be considered to that end.

2. **HUSBAND AND WIFE:** Torts: Statute: Husband not Liable for Torts of Wife. Under section 4241, Revised Statutes 1919, the husband is not liable for the torts of his wife.

3. **NEGLIGENCE:** Automobiles: Lender of Automobile: Not Liable for Tort of Operator. The mere loan of an automobile would not fix responsibility on the loaning party for the tort of the operator.

4. ———: ———: Wife Using Husband's Automobile With His Consent: Liability of Husband for Wife's Negligence. In an action for negligence for damages to an automobile arising from a collision between automobiles owned by plaintiff and defendant, each car being driven at the time of the occurrence by the wife of the respective owner, where the evidence goes no further than tending to show that defendant bought the car for his wife to use and that his wife had the privilege of using it whenever she desired in accordance with defendant's general consent, *held* under such evidence defendant was absolved from responsibility on account of the collision.

5. EVIDENCE: Admissions: Husband's Statement After Collision of Automobile Operated by Wife: Not Admission that Wife was His Agent or Servant so as to Render Him Liable: In an action for damages arising from a collision between automobiles owned by plaintiff and defendant being operated at the time of the occurrence by the wife of the respective owner, evidence that defendant, who had bought the car for his wife's use and she was operating it at the time of the collision in accordance with defendant's general consent, after the collision had stated "If it was agreeable to me (plaintiff) we would not have any police court business over it; that he (defendant) would see that the bill was paid," *held* not an admission that his wife was operating the car as his agent or servant so as to render him liable.

*Headnotes 1. Appeal and Error, 4 C. J., Section 2574; 2. Husband and Wife, 30 C. J., Section 417; 3. Motor Vehicles, 28 Cyc., p. 39; 4. Motor Vehicles, 28 Cyc., p. 38; 5. Evidence, 22 C. J., Section 349.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Robert W. Hall,* Judge.

REVERSED.

*Lemen, Field & Flynn* for appellant.

Under all of the testimony Mrs. Ella Rose Rowan, who was driving appellant's automobile at the time of the collision in controversy, was not the agent or servant of the appellant and for this reason the case should not have been submitted to the jury. Hays v. Hogan, 200 S. W. 286; Mast v. Hirsh, 202 S. W. 275; Oster v. Chicago

& A. R. Co., 256 S. W. 826; Kilcoyne v. Metz, 258 S. W. 4; Stoeckle v. St. Louis & H. R. Co., 258 S. W. 58; Mount v. Naert, 253 S. W. 966.

*Taylor R. Young* for respondent.

*Marsalek & Stahlhuth* of Counsel.

Defendant's statement that he would see that the bill for the damage to plaintiff's machine was paid was an admission of liability, in view of which the court committed no error in overruling the defendant's demurrer to the evidence. Paris v. Waddell, 139 Mo. App. 289; Newberry v. Const. Co., 180 Mo. App. 672; Lehmann v. Insurance Co., 183 Mo. App. 696; Hilburn v. Insurance Co., 140 Mo. App. 355; Wood v. Berkley, 127 Mo. App. 543; Moore v. Gaus & Sons, 113 Mo. 98; Sawyer Paper Co. v. Luney, 68 Mo. App. 1; Langdon v. Ahrends, 166 Iowa, 636; Alexander v. Smith, 180 Ala. 541; Bassett v. Shores, 63 Conn. 39; Plummer v. Currier, 52 N. H. 287; Moon v. Matthews, 227 Pa. 488; Fielder v. Davidson, 139 Ga. 509; 16 Cyc. 941; 22 C. J., p. 300; 22 C. J., p. 317; Buesching v. Gas Co., 73 Mo. 219.

DAVIS, C.—This is an action for negligence for damage to an automobile arising from a collision between automobiles owned by plaintiff and defendant, each car being driven at the time of the occurrence by the wife of the respective owner. The action originated in a justice court, and on appeal to the circuit court the jury returned a verdict in favor of plaintiff for the sum of $200, defendant appealing from the judgment entered thereon.

The only error assigned by defendant relates to the refusal of the trial court to give the jury instructions in the nature of demurrers to the evidence, offered at the close of plaintiff's case and the whole case, to find for defendant. The assignment is based wholly on the conten-

tion that the record is wanting in evidence tending to show defendant's wife, in operating defendant's automobile at the time of the collision, was his agent or servant or was driving the car for his use or benefit. Included in this contention is the non-liability of the husband for the wife's torts.

The pertinent portion of plaintiff's evidence tends to show that on March 29, 1920, plaintiff's wife was driving his Buick car eastwardly on Delmar avenue, in the city of St. Louis, and that desiring to make a left turn to proceed northwardly on Newstead avenue, an intersecting street, the wife just before reaching Newstead avenue held out her hand as a signal for that purpose and began to make a turn while the car driven by her was running from five to ten miles an hour; that the Buick car had proceeded to a point a little north of the center of Delmar and a little east of the center of Newstead, when the automobile belonging to plaintiff was run into and struck on the right front side by a Studebaker car, owned by defendant and then operated and driven by his wife, running thirty-five to forty miles an hour.

The following appears from plaintiff's testimony: "Q. . . . I asked you what he said about paying for the damage? A. He says that we would not have any police, if it was agreeable to me we would not have any police court business over it, that he would see that the bill was paid. Q. What did he (defendant) say about that? A. He said that he had bought the car for the use of his—wife to use."

Defendant denied that he told plaintiff that he would see that that bill was paid or that he told him he had purchased the automobile for his wife's use.

Defendant on cross-examination testified as follows: "Q. Now, you had bought that car for her use, for your wife's use, had you not principally? A. I do not know that I had bought it for my wife's use principally; I have two cars and my wife uses one and I use one; not necessary that she would use it; in bad weather, why,

she would take the closed car and I would take the open, and in good weather she would use the open and I would have the closed. Q. You had been using the closed that day and your wife had the privilege of using either one whenever she wanted to use it; she had the privilege of using the car that you were not using? A. Correct. Q. And whenever she wanted to go anywhere or take out any friends, or go driving herself, she had—that is why you had two cars? A. Yes. Q. So that she may have a car for herself; that is right? A. Correct. Q. So that she was not driving this car against your consent on this day? A. No, sir. Q. She was using it with your consent and whenever she wanted to use it? A. Yes. Q. Do you know, Mr. Rowan, what your wife —what was the occasion of her driving west on Delmar at that time? A. I do know now. Q. That is what I mean. A. Yes. Q. What was the occasion; where was she going? A. I am almost positive that she brought a neighbor of ours in to the doctor and was taking her back home; brought her in to see a doctor; the lady was sick. Q. Taking her back home? A. I know that now; I possibly—The Court: (Q): You were told that? A. How? Q. You were told that? A. Yes, I was told that the lady was in the car at the time of the accident. Mr. Young (Q): That was Mrs. Britton? A. Yes. Q. And she was a neighbor and a friend of the family? A. Yes. Q. And as an accommodation to her your wife was performing this service for her; she had the privilege of using the car for that purpose? A. Yes, sir. Q. And she had it and you had no objection to it? A. No, sir.''

Plaintiff's petition filed before the justice reads: ''To damages caused by the negligence of the defendant, his agents and servants, in causing a collision with plaintiff's automobile, March 29, 1920, at or near Newstead and Delmar avenues, in the city of St. Louis, State of Missouri, in failing to give the plaintiff the right of way and in failing to heed statutory signal, and in fail-

ing to slow up defendant's car when the defendant, his agents and servants, saw, or by the exercise of ordinary care should have seen, that the plaintiff was about to turn north on Newstead and had given the statutory signal to do so, when by the exercise of ordinary care, the car of the defendant could and would have been slowed up or stopped in time to have avoided the collision; and in running the defendant's automobile at a high and dangerous rate of speed, to-wit, a speed in excess of twenty-five (25) miles per hour .............$251.00''

Defendant answered by general denial and counterclaimed, but as the counterclaim is not pertinent to questions here raised, we dismiss it from consideration.

I.   Defendant refused to stand at the close of plaintiff's case on his request for a directed verdict, but went forward introducing evidence.   Therefore, in determining whether any proof is present as a foundation for the verdict for plaintiff, both plaintiff and defendant's evidence must be considered to that end.   This is a well-settled rule, and authorities supporting it are unnecessary.

II.   Whatever may have heretofore been the rule in this State regarding the liability of the husband for the wife's torts during the marriage relation, the husband's liability, because of that relation, has been abolished by section 4241, Revised Statutes 1919.   Said section reads:

"For all civil injuries committed by a married woman, damages may be recovered against her alone, and her husband shall not be responsible therefor, except in cases where, under the law, he would be jointly responsible with her, if the marriage did not exist."

The petition is grounded on the premises that defendant's wife in operating the Studebaker car acted as his agent or servant, of which more anon.   We see nothing in the evidence, unless the relation of agent or servant exists, hereinafter determined, that tends to fix, in view of the above statute and in view of her operation

of his automobile, defendant's responsibility for his wife's tort. It is certain that, absent the marriage relation, the mere loan of an automobile would not fix responsibility on the loaning party for the tort of the operator.

III. The evidence goes no further than tending to show that defendant bought the car for his wife to use, and that his wife had the privilege of using it whenever she desired, in accordance with defendant's general consent. If the evidence shows nothing further, defendant is absolved from responsibility on account of the collision. [Hays v. Hogan, 273 Mo. 1, 200 S. W. 286; Mast v. Hirsh, 202 S. W. 275; Oster v. Railroad, 256 S. W. 826; Kilcoyne v. Metz, 258 S. W. 4; Stoeckle v. Railroad, 214 Mo. App. 124, 258 S. W. 58; Mount v. Naert, 253 S. W. 966.]

IV. Plaintiff contends, however, that the trial court properly overruled defendant's demurrer to the evidence because plaintiff's version of defendant's statement, to-wit, "If it was agreeable to me we would not have any police court business over it, that he would see that the bill was paid," was evidence of an admission of liability. There is nothing in the evidence tending to show that this statement was made during negotiations for a compromise. This statement was made in answer to the question, "I asked you what he said about paying for the damage?" The question and answer was preceded by the following questions and answers: "Q. Now, did this, did you talk with Mr. Rowan about the damage, as to who would pay the damage? A. Yes, sir. Q. I wish you would tell the jury what Mr. Rowan told you about paying for the damage? The Court: Gentlemen, just come up one moment. (At this point respective counsel for plaintiff and defendant conferred with the court at the court's desk out of the hearing of the jury.) Mr. Young: (Q) What did he say? A. Mr. Rowan was at the—Then follows the question and answer, which an-

swer plaintiff contends is an admission of liability sufficient to take the case to the jury. Q. No, I did not ask you where he was at, I asked you what he said about paying for the damage? A. He says that we would not have any police, if it was agreeable to me we would not have any police court business over it, that he would see that the bill was paid. Mr. Young: You may take the witness.''

The record demonstrates that the above was the sequential evidence of the questions and answers of plaintiff's version of defendant's statement, and it does not appear that defendant objected and excepted in anywise.

Plaintiff in support of his contention relies on: Paris v. Waddell, 139 Mo. App. 288, 123 S. W. 79; Moon v. Matthews, 227 Pa. St. 488; Fielder v. Davidson, 139 Ga. 509; Newberry v. Const. Co., 180 Mo. App. 672, 163 S. W. 570; Lehmann v. Ins. Co., 183 Mo. App. 696, 167 S. W. 1047; Hilburn v. Ins. Co., 140 Mo. App. 355, 124 S. W. 63; Wood v. Duffy, 127 Mo. App. 543, 106 S. W. 82; Moore v. Gaus & Sons, 113 Mo. 98, 20 S. W. 975; Langdon v. Ahrends, 166 Iowa, 636; Alexander v. Smith, 180 Ala. 541; Bassett v. Shores, 63 Conn. 39; Plummer v. Currier, 52 N. H. 287.

In Paris v. Waddell, supra, plaintiff sought to recover $15 for team hire and damage, caused by two alleged employees of defendant, who denied that the employees were authorized to hire the team. Plaintiff was permitted to testify that he went to see defendant about the matter, and defendant said he would pay $5 for the use of the rig, but would not pay for any damage. The court held that the evidence was properly admitted, as defendant did not claim a compromise.

In Newberry v. Const. Co., supra, a physician brought suit to collect his bill for services for treating defendant's injured employee. The court treated an offer of defendant made to the injured employee to pay a certain amount in compromise of the claim and to pay the

doctor $100 for his services, as an admission of defend-
ant's liability for the doctor's services, on the ground
that the employee was not the agent of the doctor to effect
a compromise.

In Lehmann v. Ins. Co., supra, the statement was not
made during negotiations for compromise and was held
admissible. Hilton v. Ins. Co., supra, is to the same effect.

In Wood v. Duffy, supra, the court said: "If the
court believed Garesche's version of the conversation,
the latter's testimony was perfectly competent as tend-
ing to prove an admission by Duffy against interest and
not an offer of compromise."

In Moore v. Gaus & Sons, supra, the court held, in
substance, that communications made to third persons
and not in confidence do not come within the rule exclud-
ing admissions because made for the purposes of com-
promise.

In Moon v. Matthews, supra, the defendant, at the
time of calling on plaintiff, discussed the accident and
tried to arrange a settlement, asking the plaintiff to
send him his doctor's bills and the bills for repairing the
carriage and all other repairs, without disclaiming lia-
bility on the ground that the chauffeur was not acting
for the master at the time of the accident. It was held
that this was an admission, sufficient to take the case to
the jury as to whether the chauffeur was then acting
within the scope of his employment.

In Fielder v. Davidson, supra, defendant said, in
substance, to plaintiff and others, that when plaintiff be-
came well physically he would see that he had every jus-
tice for the accident; to get him well that he would see
that he had every satisfaction; "take him away, get him
well, to Indian Springs, and he would satisfy me, to
keep an account of expenses." Defendant said: "I want
you to understand I will satisfy you as to anything with
reference to this action." Plaintiff's wife said: "The
doctor thinks it is best for us to go to Indian Springs,"
and defendant replied: "By all means go right on, and

keep a record of these things, and you will be compen-sated." The court thought this was an admission of liability sufficient to take the case to the jury, although defendant defended on the ground that the chauffeur was not acting, at the time of the accident, within the scope of his employment, having taken the automobile without defendant's consent.

In Langdon v. Ahrends, supra, where plaintiff was injured by operation of defendant's automobile, his statement made before litigation was threatened or started and before a claim was asserted, "that he would settle for the injury," was held not objectionable as an offer of compromise, but an admission of liability proper to be shown.

V. Was defendant's statement to plaintiff, "If it was agreeable to me we would not have any police court business over it, that he would see that the bill was paid," an admission that his wife was, in the operation of his machine at the time of the collision with plaintiff's auto-mobile, his agent or servant?

All of the cases cited under point four, supra, are in their final analysis based on the relation of master and servant, the facts tending to show that the relation was not premised on blood or marriage, but on employment. In each of the above cases the evidence was held suffi-cient as tending to show that the servant was about the master's business. In the present case while the peti-tion is grounded on the negligence of defendant, his agents and servants, plaintiff's evidence otherwise tends to show that defendant bought the car for his wife to use. The inference from plaintiff's evidence is that de-fendant's wife was using the car as bailee. Defendant's evidence shows nothing different. The record fails to show, in any wise, between defendant and his wife, the relation of master and servant, and defendant's state-ment, "That he would see that the bill was paid," failed to constitute an admission that his wife, in driving the car at the time of collision, under the evidence in this

case, was his agent or servant. Plaintiff's evidence not only fails to tend to show that defendant's wife was about his business, but otherwise tends to show that his wife was using the automobile, as bailee, for her own pleasure. This action proceeds against defendant alone. We think he was entitled to a directed verdict.

The Commissioner recommends that the judgment be reversed.

PER CURIAM:—The foregoing opinion of DAVIS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.