ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1917.

*(Continued from Volume 198)*

GRACE MAST, Respondent, v. LEO HIRSH,
Appellant.

Kansas City Court of Appeals, February 18, 1918.

AUTOMOBILE: Husband and Wife: Master and Servant: Entertainment
of Visitors. A husband kept an automobile for the use of himself
and family. His wife took out the car for the purpose of taking
her mother and sister, who were visiting her and her husband, on
a pleasure drive. On the drive she negligently collided with a
wagon and team, injuring a woman in the wagon. The husband
knew she took the machine whenever she wanted it, but did not
know that she was out with it on this occasion. It was *held*
that the trial court should have declared, as a matter of law,
that she was not the husband's servant and that he was not liable.

Appeal from Livingston Circuit Court.—*Hon. Arch B.
Davis,* Judge.

REVERSED.

*Scott J. Miller* and *Karl Hirsh* for appellant.

*J. M. Davis & Son* for respondent.

199 M. A. (1)

ELLISON, P. J.—Plaintiff's action is for personal injuries occasioned by the alleged negligence of defendant's wife. Defendant owned an automobile which he kept for the use of himself and his wife. On September 26, 1916, his wife was driving the car for pleasure and was accompanied by her mother and sister who were visiting her and defendant. There was evidence tending to prove that she drove the car so carelessly and negligently as to crowd plaintiff and her wagon and team to the side of the road and into a ditch, frightening the team so that they became unmanagable and plaintiff was thrown to the ground and injured. She recovered judgment in the trial court.

Plaintiff disclaims any right to a judgment against defendant on the theory that as husband he is liable for his wife's torts; and bases her right to the judgment on the ground that the wife of defendant was his agent and servant in running the car, and having run it negligently, he is liable for her act. The only evidence relied upon to show that she was his agent or servant consisted in the fact that she was his wife and that he kept the car for his and her use; that she drove it for the pleasure of herself and those she took with her, and that he knew she was driving with her relatives that day. There is no pretense that he ordered, directed, or requested her to drive the car that or any other day. A number of authorities cited in the brief for plaintiff support her right to the judgment. [Dailey v. Maxwell, 152 Mo. App. 415.] But since the case was tried, the Supreme Court has disapproved of those cases, and has held that mere permission by the husband or father that his wife or children might use his car for the pleasure of themselves and friends, did not constitute them his agents or servants. [Hays v. Hogan, 273 Mo. 1, 200 S. W. 286.]

Our especial attention has been called by plaintiff to Crawford v. McElhinney, 171 Iowa, 606 and Missell v. Hays, 86 N. J. L. 348. We think neither case is in point on the facts. In the first, the husband owned and kept the automobile for himself and his wife and on

the occasion when a child was killed he and she, for their mutual entertainment, had gone to a fair in or near the town where they lived, she driving. The court said that "he was present at the time and permitted his wife to operate the car on the trip. The mere fact that he transacted no business does not argue that he was not engaged with his wife on the trip in question for their mutual. pleasure." Again the court said: "The wife may be the agent or employee of her husband. The evidence of defendant is such as to show that at the time in question his wife was in his employ, in the sense that she was engaged in the transaction of his business or the business of both." Nothing of the nature there shown appears in the case under consideration.

In the second case the father kept an automobile for the general use of himself and members of his family. His son used it sometimes with, and sometimes without, his express assent. On the occasion giving rise to the action, his son took out the automobile and had therein his mother and sister, and two others, one a young man, who was his own guest, and the other, a young lady, the guest of his sister. The court held that "it' was within the scope of the father's business to furnish his wife and daughter, who were living with him as members of his immediate family, with outdoor recreation just the same as it was his business to furnish them with food and clothing, or to minister to their health in other 'ways." But, the court added that as there was evidence in the case tending to show that the son invited his mother and sister to take a ride, as his guests, on a trip which he was taking for his own pleasure or business and that they were doing so as such and not as members of his father's family, it became a question for the jury whether he was acting for himself or as the servant of his father. The effect of that case is that if a father keeps an automobile for the general use of himself and family and one member of the family (though without the knowledge of the father in the particular instance) takes other

members of the family out for their health or recreation, he is prima facie performing the service for his father in thus doing the duty of the father. But if such member of the family is on a jaunt of his own, and invites members of the family to go along as his guests, that would establish prima facie that he was acting for himself as distinguished from performing a service for his father; the whole evidence in such case making a question for the jury as to the capacity in which the driver of the machine was acting.

The evidence in the present record does not make a case of that character. Here the wife was out on a pleasure drive of her own with her mother and sister, with no pretense of direction from the husband. Plaintiff suggests that the mother and sister of the wife were, at the time, visiting at the house, and that it was the husband's duty to provide entertainment, diversion or pleasure for them. We think that that is stretching the string whereby it is sought to tie this case to the doctrine of master and servant, to the breaking point. Whatever social duty a husband may owe to his wife's relatives, the defendant was not performing them at the particular time at which the plaintiff was injured. The wife herself, apart from any act of the husband, took a pleasure ride and invited her mother and sister as her guests.

The case of Hays v. Hogan, was certified to the Supreme Court by the Springfield Court of Appeals on account of Judge STURGIS deeming the opinion in conflict with cases named. [180 Mo. App. 237.] The question is discussed at length in both opinions in the Springfield court and in the opinion of Judge WOODSON in the Supreme Court. The latter court in repudiating Dailey v. Maxwell and like cases, made this declaration: "That the mere ownership of an automobile purchased by a father for the use and pleasure of himself and family does not render him liable in damages to a third person for injuries sustained thereby, through the negligence of his minor son while operating the same on a public highway, in furtherance of his own

business or pleasure; and the fact that he had the father's special or general permission to so use the car is wholly immaterial.'' The same rule was announced later in Bollman v. Bullene, 200 S. W. 1068.

If the member of the family (competent to run a car and to exercise the care required by statute) takes the car out, though with the consent of the husband or father, on his own business or pleasure, the husband or father is not liable for his negligence; but if such member under the direction of the husband or father, express or implied, is performing a duty which the latter owes, a liability arises for negligence. It should, however, be borne in mind that the member of the family cannot force his or her service on the husband or father against his will, and however conducive to the health or pleasure of the member of the family taking out the car, or to the health or pleasure of other members of the family he may take with him, there must appear authority from the father, express or implied, before the former may be called his servant engaged in his business. It is plain to see that questions of fact, hard to determine, will present themselves in certain instances, but they must be settled by a jury as in other difficult cases, unless, as in this case, the facts are so far uncontroverted that the court may pass judgment upon them as a matter of law.

The judgment will be reversed. All concur.