Kenneth DOOLEY and Elvira Dooley,
Respondents,

v.

Owen DOOLEY and Louise Dooley,
Appellants.

No. 22368.

Kansas City Court of Appeals.
Missouri.

May 7, 1956.

Dudley D. Thomas, Carrollton, for appellants.

Christian F. Stipp, Carrollton, for respondents.

BROADDUS, Judge.

This action was brought by plaintiffs, Kenneth and Elvira Dooley, for the wrongful death of their minor son, John Douglas Dooley. They recovered a verdict and judgment for $5,000. Defendants have appealed.

John Douglas Dooley was born on September 5, 1952. On September 9, 1953, plaintiffs and their son, John Douglas, who was a normal, healthy child, lived on a farm near Norborne, Missouri. The farm was owned by defendant Owen Dooley. The defendants, Owen and Louise Dooley, are the parents of plaintiff Kenneth Dooley. The house in which plaintiffs lived was about a quarter of a mile east of a gravel road which ran north and south, and the house was reached by traveling east from the road on a gravel lane. The gravel lane passed about five feet north of plaintiffs' house, and made a circle just north and east of the house. A path led from the lane to the house. About ten feet north of the lane and slightly to the east of the house were two brooder houses.

On the afternoon of September 9, 1953, plaintiff, Kenneth Dooley, was working in the field. His wife, Elvira, and the one year old son were at home. The weather was clear and warm and the ground was dry. At about 3:30 on that afternoon, defendant, Louise Dooley, arrived at plaintiffs' home alone in a Ford pick-up truck owned by defendant, Owen Dooley. She drove up the lane and completed the circle at plaintiffs' house and parked the truck in the lane immediately north of the house. She remained in plaintiffs' home about an hour. Deciding it was then time to leave, she and Elvira Dooley and the child went outside. The child went over to the brooder houses to play, and the women stood on the south side of the truck and talked. Defendant Louise Dooley then entered the truck, she and Elvira talked for a couple of minutes more, Louise Dooley started the truck forward and, after traveling about eight feet, the truck ran over the boy. He died the next day from the injuries sustained.

At the time Louise Dooley started the truck in motion, she knew that the child was outside of the house, and the last time she saw him before starting the truck he was near the brooder houses, about eight or ten feet from the truck. She started the truck in motion without looking to see if the child was in front of or around the truck, and without giving any warning of her intention to start the truck in motion.

Defendants' first contention is that the trial court should have discharged the jury panel and declared a mistrial because during the voir dire examination plaintiffs' counsel asked "whether or not any member of the jury panel is now employed by the Farm Bureau Mutual Insurance Company?"

The record discloses that the Farm Bureau Mutual Insurance Company was "interested in the outcome of the case"; that defendants so informed plaintiffs' counsel in the presence of the court, but out of the presence and hearing of the jury.

The law of this State is now well settled that counsel for plaintiff may inquire on voir dire examination to ascertain whether any of the prospective jurors have an interest in or connection with an insurance company which is interested in the defense of the case on trial, provided that in the judgment of the trial court the inquiries are properly made and for the purpose of determining the qualification of the jurors to sit in the case. See McCaffery v. St.

Louis Public Service Co., 363 Mo. 545, 252 S.W.2d 361.

Defendants concede the law to be as above stated. Their objection appears to be directed to the fact that the question was asked "without any groundwork" having been laid "therefor", and to the fact that the question was the first one asked by counsel.

■ In the case of Maurizi v. Western Coal & Mining Co., 321 Mo. 378, 11 S.W. 2d 268, 274, the court said: "Counsel for plaintiff is not required to prove that an insurance company, or insurance agency, is interested before inquiring of the members if they are connected with either. He is presumed to be acting in good faith when he makes the inquiries. If it appears from the record that counsel had reasonable cause to believe an insurance company, or an insurance agency, was interested, and that he acted in good faith in making the inquiries, the sound discretion of the court in controlling and directing the examination will be sustained."

■ Plaintiffs' counsel obviously acted in good faith in asking the question because it was admitted that defendants carried an insurance policy with the named company. See Davidson v. Rodgers, Mo., 258 S.W.2d 648, 649. In our opinion the trial court did not abuse its discretion in refusing to discharge the jury panel and declare a mistrial, and the contention is denied.

■ Defendants' second point is that the court erred in refusing to permit plaintiff Elvira Dooley to be examined as to her knowledge of the whereabouts of her son at the time the pick-up truck started. The contention is without merit. Obviously, defendants' purpose was to show that Elvira Dooley was guilty of contributory negligence. In the case of Herrell v. St. Louis-San Francisco R. Co., 324 Mo. 38, 23 S.W. 2d 102, 69 A.L.R. 470, our Supreme Court held that where *both* parents sue (as in the instant case) for the wrongful death of an unmarried minor, the contributory negligence of *one* parent is no defense.

Defendants' next point is that the court erred in giving Instruction No. I because the evidence wholly failed to disclose any liability on the part of defendant Owen Dooley. The point is well taken.

The instruction permitted the jury to find against defendant Owen Dooley, if, in addition to certain other findings, it was also determined that the truck was being operated by his wife with his knowledge, consent or permission. The only evidence in the case on the question is that given by defendant Louise Dooley, who testified that she went to the home of her daughter-in-law "just to visit", and was on no business of her husband, and that he did not know that she was going to make a trip.

■■ It is the settled law of this State that unless the wife operating an automobile, was using the same as the agent or servant of her husband, or in the furtherance of his business, the husband may not be held responsible for her negligent acts. Norton v. Hines, 211 Mo.App. 438, 245 S.W. 346; Mast v. Hirsh, 199 Mo.App. 1, 202 S.W. 275; Drake v. Rowan, 216 Mo. App. 663, 669, 272 S.W. 101. The two cases relied upon by plaintiffs, Foster v. Campbell, 355 Mo. 349, 196 S.W.2d 147, and Malone v. Small, Mo.App., 291 S.W. 163, do not run counter to the above rule.

Defendants also assert that the instruction is erroneous in that it permitted the jury to guess and speculate as to what facts, if found, would sustain a recovery. The instruction required the jury to find from the credible evidence that at the time and place mentioned in evidence defendant Louise Dooley "started the Ford truck mentioned in evidence in motion while the deceased John Douglas Dooley was in front of it and * * *".

Defendants say: "The instruction can well be interpreted as telling the jury that if the deceased was anywhere in front of the truck no matter how far away", a recovery could be had. "Front", according to Webster's New International Dictionary (2nd Ed.), means "a position *directly* be-

fore a person." That defendants so understood it is apparent from the questions put to plaintiff Elvira Dooley and defendant Louise Dooley. While on the stand Elvira was asked by defendants' counsel: "Mrs. Dooley, was there anything at that particular time to indicate to you or to the mother-in-law that the boy was *in front* of the truck? A. No, sir." And the following questions and answers appear in the direct examination of defendant Louise Dooley: "Could you see *in front* of the truck over the radiator? A. Not directly *in front* of the truck, no sir. Q. Did you see the little boy any place *in front* of the car? A. No, sir. Q. Was there, Mrs. Dooley, was there anything from anything you heard or anything you saw or anything anybody else (who) might have been there may have said to indicate to you that that little boy was *in front* of the car? A. No, sir."

Surely the instruction presented an issue which the average juror could well understand. That is the test of the correctness of an instruction. Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541. There is no merit in defendants' contention.

Defendants also complain of the giving of Instruction No. 2. The instruction is identical with Instruction No. I, except that it limits recovery only against the defendant Louise Dooley. The contention is answered by what we have said in the preceding paragraph.

Defendant Louise Dooley contends that Instruction No. 4 was erroneous because it failed to hypothesize sufficient facts. The instruction authorized a verdict in favor of the plaintiffs "if you find and believe from the credible evidence that at the time and place mentioned in evidence defendant Louise Dooley started the Ford truck mentioned in evidence in motion without ascertaining whether or not John Douglas Dooley was in the path of said moving Ford truck and * * *."

In the case of Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914, 917, our Supreme Court said: "The matter of submitting facts in instructions must be reasonably administered. 'There are some acts which result in damage that are so *simple* and out of the ordinary course of events that to merely state the ultimate facts is about as specific an averment as can be framed into language.'" (Emphasis ours.) This statement is clearly applicable to the instant instruction.

Defendant relies upon the case of Yates v. Manchester, 358 Mo. 894, 217 S.W.2d 541. The factual situation in that case readily distinguishes it from the instant case. And a more recent decision by our Supreme Court en Banc held that: "Where there is no divergence in or denial of the essential facts [as in the instant case], then the ultimate issue of the negligence pleaded and its being the proximate cause of the injury or damage alleged may be submitted by reference to the facts and circumstances shown by the evidence *without specific hypothesization in the instructions.*" (Emphasis ours.) See Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496, 500, 501. The court further said in the Hooper case that any language found in the Yates case, supra, which may be construed contrary to the above rule "should no longer be followed."

We hold that the instruction clearly presented a simple issue and is not subject to the criticism leveled against it by defendant.

As to the defendant Owen Dooley the judgment is reversed, but as to the defendant Louise Dooley, it is affirmed.

All concur.